Loury et ux. *v.* Herbert, Administrator, &c.

JAMES R. LOURY et ux. *vs.* JAMES H. HERBERT, Adm'r, &c.

The act of 1839, (Hutch. Code, 680, § 2,) declares, that all property now exempt from execution under the provisions of the existing laws of this State, shall, upon the death of any person possessed of the same, descend to the widow of the deceased, and be exempt in the same manner as if possessed by the deceased before his death.

The act of 1846 says, that the widow of any deceased husband shall be allowed and entitled to all the personal estate of the deceased husband, which is by law exempt from sale or distress under execution. *Held*, that the widow, in all cases, is entitled to the property of her deceased husband exempt from execution.

IN error from the probate court of Carroll county.

This was a petition filed in the probate court of Carroll county by Loury and wife, who state, that Mrs. Loury is entitled to the property of her deceased husband, A. W. King, exempted by law from execution; that she has never received the same or any part thereof; but that J. H. Herbert, the administrator of said A. W. King's estate, sold the same as the property of the intestate, and applied the proceeds for the benefit of the estate. The petition seeks to recover from the administrator the prices which the property brought at the sale.

The answer admits the allegations of the bill, and insists, by way of avoidance of the claim of petitioners, that the estate

9 *

was not insolvent, and that the petitioner, Arabella T. Loury, is only entitled to the specific articles as a portion of her distributive share.

The decedent, A. W. King, died intestate, leaving for distribution, among the children and widow, personal estate consisting of slaves and other property, after payment of all debts. The only point submitted was, whether the complainant was entitled to have certain property exempt from sale under execution, according to the provision of the act of 1846, in addition to her equal share under the statute of distribution of 1822.

The court decreed that she was not so entitled to said property.

*J. Y. George*, for appellants.

*Sheppard*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiffs in error filed their petition in the probate court of Carroll county, against the defendant in error, as administrator of one A. W. King, deceased, alleging that the said Arabella T. Loury, as the widow of the said King, before her marriage with the said James R. Loury, was entitled to the personal estate of the intestate, by law exempt from execution during his lifetime. The court below dismissed the petition, on the ground that the widow is only entitled to the personal property exempt from execution, where the estate of her husband is insolvent.

The act of 1839 (Hutch. Code, 680, § 2) is in these words : " All property now exempt from execution under the provisions of the existing laws of this State, shall, upon the death of any person possessed of the same, descend to the widow of the deceased, and be exempt in the same manner as in the deceased before his death." The act of 1846 says, " the widow of any deceased husband shall be allowed and entitled to all the personal estate of her deceased husband, which is by law exempt from sale or distress under execution," &c.

The object of the act of 1846 was to limit the claims of the

widow to the personal estate of the husband exempt from execution, and not allow it to extend to the real estate exempted from execution by the statute of 1841. The language of the statutes of 1839 and 1846 is too broad and comprehensive to confine the rights of the widow to an insolvent estate. We are of opinion, that, under the language of the two acts, the widow, in all cases, is entitled to the personal property exempt from execution; and, therefore, reverse the decree of the probate court, and remand the cause for further proceedings in the probate court.

Decree reversed, and cause remanded.