Turner et al. *v.* Turner.

———— ◆◆ ————

## JAMES M. TURNER et al. *v.* JANE S. TURNER.

1. WIDOW : YEAR'S ALLOWANCE.—The widow is entitled to a year's allowance for the support of herself and children, out of the effects of her deceased husband, whether he died testate or intestate, and whether his estate be solvent or insolvent.
2. The widow of a person who has made a last will and testament, by which he disposed of the property exempt by law from execution, is not entitled to the same, unless she renounces the will.

IN error to the Probate Court of Lawrence county.    Hon. John Dickinson, judge.

The facts are sufficiently stated in the opinion of the court.

*J. F.* and *A. M. Fonte*, for appellant.

1. The Probate Court had no power, under the statute, to grant the petition of Jane Turner, nor to appoint commissioners to appraise the estate.

2. The widow having accepted the provisions of the will, is now barred from any further or additional allowance. Hutch. Code, 620; art. 1, §§ 45, 46, 47.

3. The court erred in overruling the exceptions of James M. Turner, without hearing proof.

4. The estate being perfectly solvent, and the said Jane Turner having united in the petition to sell the articles now claimed, and assisted in such sale, and procuring its confirmation, is now estopped to demand them.

5. The widow is only entitled to the specific articles exempt by law from execution, and which were on hand at her husband's death, and not to cash.

6. The allowance was excessive, extravagant, and unreasonable.

*D. Shelton,* for defendant in error.

The Probate Court has power to decree compensation for a year's allowance, and also for the property exempt by law from execution, where they have been deprived of it by the administrator. See 25 Miss. R. 101.

Did the provision made by her husband's will, deprive her of her right to have the property for which she petitions?

The language of the statute is: "The widow of any deceased husband shall be allowed," &c.

It has been decided that this language is too broad and comprehensive, to confine the rights of widows to insolvent estates; that, under it, the widow, in all cases, is entitled to the personal property exempt from execution. 25 Miss. R. 103. It is true, that the question in that case was as to the widow's right in a solvent estate, but the reason, to wit: the comprehensiveness of the language of the statute, and the conclusion upon that reason, to wit: "that the widow, *in all cases,*" is equally applicable to the present question. So, in reference to the statute, (Hutch. Code, 680, art.

Turner et al. *v.* Turner.

17, § 1,) which gives the "widow of any deceased person," a year's provision, it has been determined, in a case where the will made provision for the wife, "That the statute in terms extends to the widow of any deceased person, and gives her a year's provision: we cannot limit its operation to cases of intestacy." 12 S. & M. 318. In that case, one of the statutes which govern the question in this case, was involved; the other was not: but that other, "in its terms extends to the widow of any deceased" *husband,* and is, for the purposes of this suit, as conclusive as that statute which applies to the widow of any *deceased person.* For both statutes, see Hutch. Code, 680.

It will be a confusion of ideas, to confound the statutes under review with the Statute of Dower: that statute does create a forfeiture of dower, by the widow's acceptance of the bequest to her in her husband's will; but that statute has not even a remote relation to those under review. See Hutch. Code, 620. The cases cited, were decided without any sort of recognition that the Statute of Dower could affect the cases.

HANDY, J., delivered the opinion of the court.

This was a petition filed in the Probate Court by the defendant in error, the widow of D. F. N. Turner, late of Lawrence county, deceased, praying for an allowance of one year's provision out of his estate, and for such household furniture, and other articles belonging to the estate, as were exempt from execution, or for compensation for the same in money. Commissioners were appointed, who reported an allowance of $300, for one year's provision, and $1131.25 for the value of furniture, and other personal property exempt from execution. The plaintiff in error, as executor, filed objections to the allowance of the sum set apart to her by the commissioners, on several grounds; which objections were overruled.

The substance of these objections will be considered, first, with reference to the allowance for the year's provision; and second, with reference to the amount allowed for furniture, and other articles belonging to the estate exempt from execution.

Upon the first point, there can be no doubt under the law, as

Turner et al. v. Turner.

settled by this court, that the widow was entitled to an allowance for one year's provision, whether the testator bequeathed property to her in his will or not, (*McReary* v. *Robinson*, 12 S. & M. 318,) and that she is entitled to it in money, if it cannot be furnished out of the means of the estate. Ib. 662. And this is a right to which the widow is held to be entitled, whatever may be. the condition of the estate. It is intended as a humane provision for the support of herself and her children, when she is presumed to be left in a condition in which she is unable to provide for herself.

Upon the second point, it appears by the record, that the testator bequeathed all his personal estate, which was large, to be equally divided between his widow and his nephew, and devised his real estate to his widow for life, and after her death, to his nephew; and that she did not renounce the will. The question is therefore presented, whether a widow is entitled to the property of her deceased husband, exempt by law from execution, in case he has disposed of it by his will, and she has not renounced the will.

The cases already cited, hold that the widow is entitled to allowance for a year's provision, whether her husband died testate or intestate; and it is held in *Lowry* v. *Herbert*, 25 Miss. 101, that she is entitled to the articles and property belonging to her deceased husband, exempt from execution, whether his estate be solvent or insolvent. But the question here presented has not been decided in any case in this court, and does not fall within the principle of the previous decisions.

The first statute upon the subject, passed in 1839, provides that all property, exempt from execution under the laws of this state, "shall, upon the death of any person possessed of the same, descend to the widow of the deceased," &c. Hutch Code, 680. The act of 1846, provides that she "shall be allowed and entitled" to all such personal estate. The act of 1852, chap. 197, § 2, provides that it "shall descend to the widow."

It is manifest, from the terms employed in these provisions, that it was intended that the widow should take such property only by descent or distribution, and that it was never contemplated that the husband's right to dispose of it by will, should be interfered

with. Her right is not absolute, but dependent upon her husband's dying without making any disposition of the property; and if he dispose of it by will, she would lose all interest in it, except under the provisions of the will, unless she renounce the will, and the property is thereby necessary to be brought into distribution. If this were not so, it would deprive the husband of the power to make such a disposition of his property, as, under certain circumstances, might be absolutely necessary for the support and welfare of his widow and children; and cases may be readily conceived, where the greatest mischief and injustice would be thereby occasioned. The allowance for a year's provision, stands upon different ground—that of the immediate necessities of the widow and children. It interferes with no right of disposition which the testator could be presumed to make of his property, and therefore, from its peculiar nature, is allowed as a privileged claim upon his estate, whether he has left a will or not.

In this case the testator disposed of the property embraced in this claim, and all his other personal estate, leaving it by his will, to be equally divided between the widow and his nephew; and the widow not having renounced the will, was precluded of any claim to any of the property mentioned in the petition, or compensation for the same, except her allowance for the year's provision.

The judgment, allowing her the benefit of the property exempt from execution, is therefore reversed, and the case remanded, to be proceeded with according to these views.