James D. McGaughey et al. *v.* Callie Eades.

Wills. *Widow. Year's support. Code* 1892, § 1877. *Election.*

> A widow, who by the will of her deceased husband is left a money legacy in lieu of "all exemptions and other demands or interests in or to" his estate, is not entitled to an allowance for one year's support (code 1892, § 1877) if she has elected to claim under and not to renounce the will.

From the chancery court of Leake county.

Adam M. Byrd, Chancellor.

This was a probate proceeding in the chancery court in which McGaughey and others, appellants, legatees under the will, objected to an allowance to Mrs. Eades, the appellee, the widow of the testator. The objection was disallowed by the court below, and the objectors appealed to the supreme court. The opinion states the facts of the case.

*O. A. Luckett*, for appellants.

I recognize the force and effect of the two decisions of *Mc-Reary, Executor*, v. *Robinson*, 12 Smed. & M., 318, and *Turner* v. *Turner*, 30 Miss., 428, but insist that they do not decide the point of contention in this case.

By an examination of the will of Col. Eades, the court will perceive that he settled a legacy of $1,000 on his widow, in full of all interest, claim or right in and to his estate, and by accepting its provision, she is estopped from claiming any other amount or part of it, whether by way of one year's allowance or otherwise.

If the bequest to her was without condition, then there would be no inconsistency in her making claim for the year's allowance. Has the testator the right to annex such conditions to this legacy in his will? No public policy is violated by it, any more than would be by a clause restricting the dower rights of the widow, which has been upheld by the courts of England and America. *Walton* v. *Hill*, 8 U. C. C., Q. B., 562; *Adams* v. *Adams*, 39 Ala., 274; *Simmons* v. *Simmons*, 78 Ala., 368; *Kennedy* v. *Mills*, 13 Wend. (N. Y.), 555; *Van Orden* v. *Van Orden*, 10 Johns. (N. Y.), 31, s.c. 6 Am. Dec., 314.

The doctrine of election applies in this case, and the widow having elected to take under the will and to accept a bequest with its conditions and restrictions, is now estopped from claiming any other rights or interest or claim in the estate, even if they are conferred upon her by law, regardless of the will of the testator. 2 Story's Equity Jur., sec. 1075; *Gibson* v. *Gibson*, 1 Drew, 42; 17 Eng. L. and Eq., 362; *Dillon* v. *Parker*, 1 Swanst., 398; *Wilson* v. *Wilson*, 1 DeG. & Sm., 152; 11 Jur., 793; *Lee* v. *Tower*, 124 N. Y., 370; *Nutt* v. *Nutt*, 1 Freeman's Chancery Rep., 128; 2 Story's Eq. Jur., sec. 1077, and note 2; *Peters* v. *Bain*, 133 U. S., 670 (Sup. Ct., 354); *Penn* v. *Guggenheimer*, 76 Vt., 839; *Hyde* v. *Baldwin*, 17 Pick., 303; *Havens* v. *Sackett*, 15 N. Y., 365; Fetter on Equity, sec. 24, p. 51.

A failure to renounce the will within six months under our

statute would be tantamount to an election. *Wilson* v. *Cox*, 49 Miss., 544; *Cowdrey* v. *Hitchcock*, 103 Ill., 242; *Warren* v. *Warren*, 148 Ill., 641; *Garn* v. *Garn*, 135 Ind., 690; *Burden* v. *Burden*, 141 Ind., 471; *Kyne Kyne*, 48 Iowa, 21; *Everett* v. *Croskrey*, 92 Iowa, 333; *Pratt* v. *Felton*, 4 Cush. (Mass.), 174; *Reed* v. *Dickerman*, 12 Pick. (Mass.), 146; *Craven* v. *Craven*, 2 Dev. Eq. (17 N. C.), 345; *Waterbury* v. *Netherland*, 6 Heis. (Tenn.), 512.

Receiving a part of the legacy under the will is an election to stand by the will. If the provision for the widow be inconsistent with the claim for dower, her acceptance thereof, where it is expressly declared to be in lieu of dower, will bar her to a claim of dower. *Hunter* v. *Hunter*, 95 Iowa, 728; *Hovey* v. *Hovey*, 61 N. H., 599.

*J. B. Sullivan*, for appellee.

It was not the intention of the testator to preclude the widow from claiming her year's allowance. But, if he intended to cut off her right to one year's support, he had no such power. This right could not be denied by the testator, if he had expressly so declared in the will. It is a statutory right, a privileged claim, which cannot be denied her. In Crosswell's Executors and Administrators, on page 310, this language is used: "The fact that there is a will does not invalidate this claim, and, although the widow may have accepted the provision made in the will in lieu of dower, she may still have an allowance, or even though the provision of the will is in lieu of the allowance."

In *Turner* v. *Turner*, 30 Miss., 428, the court, in discussing the right of the husband to dispose of exempt property by will and the right of the widow to the year's allowance, said: "The allowance for a year's provision stands upon different ground—that of the immediate necessity of the widow and children. It interferes with no right of disposition which the testator could be presumed to make of his property, and there-

fore, from its peculiar nature, is allowed as a privileged claim upon his estate, whether he has left a will or not.''

TERRAL, J., delivered the opinion of the court.

Joseph D. Eades, of Leake county, made his last will and testament, by which he disposed of all his property. By the fifth item of said will he bequeathed to his wife, Callie, $1,000, to be paid to her at once upon his death, and, if the payment of said sum was delayed, it was to draw ten per centum interest from his death. He expressly stipulated in his will that said sum of $1,000 should be in lieu of all exemptions and other demands or interest in his estate, both real and personal. In the eighth item of his will he directed the legacy given to his wife to be paid before all other legacies, and in the twelfth item of his will he declared that it had been his aim to make his wife equal to any one of the other heirs and no more.

The appraisers of the estate allowed and set apart to the widow $150 in money, for one year's provisions and necessary wearing apparel. The other legatees objected to said $150 allowance, which objection the court overruled, and approved and confirmed said appraisement and. allowance. It cannot be doubted but that the testator intended the legacy of $1,000 to be in lieu of any allowance for a year's support, as well as for all other claims, and the question is whether a testator, by any provision in his will, can debar the widow of the year's allowance provided for by the statute. The question is not without difficulty, and each view is not wanting in authority for support. Our statute upon wills and testaments authorizes every person *sui juris* to devise all his estate, real or personal, of any description whatever, and such will, unless broken by the heirs or renounced by the widow, governs the entire disposition of his estate.

In *Turner* v. *Turner*, 30 Miss., 428, it was held that the widow of a person who has made a last will and testament, by which he disposes of the property exempted by law from exe-

cution, is not entitled to the same unless she renounces the will. And we think that her right to an allowance for a year's provision can stand upon no higher ground than her right to the exempt property. We see nothing in the statute giving the year's provision that seeks to secure that at all events, and against the will of the husband making a different disposition of it. Where she gets nothing by the will, or where the devise to her is unsatisfactory, and she renounces the will, she takes a child's part of his estate, but where she takes a legacy under the will, and the will is expressly made in lieu of the allowance of one year's provisions and all exemptions, she may not, without renouncing the will, take the legacy and the year's provision and other exemptions. This rule results from the doctrine of election, which involves the notion that no man can claim inconsistent rights with regard to the same subject, and that any one who asserts an interest under an instrument is bound to give full effect to that instrument; he cannot both accept and reject it, or avail himself of its benefits as to a part and defeat its provisions as to other parts. 1 Pomeroy's Eq. Jur., sec. 395.

To permit the widow to take the legacy under the will of her husband and at the same time to receive the benefit of an allowance of one year's provision, directly against the will of the testator, would be to allow her to affirm the will as to the $1,-000 legacy, and repudiate it as to the year's provision. This may not be done. *Shafer* v. *Shafer's Ex.*, 129 Ind. Rep., 394.

In American Law of Administration, by Woerner, sec. 82, it is said: "It is held in some states that where there is a will making provision for the widow, she is not entitled to the allowance unless she renounce the provisions of the will," and for this doctrine, among other cases, he cites *Turner* v. *Turner*, 30 Miss., supra. We think the reasoning of the case, logically followed, supports the doctrine it is cited to maintain.

*Reversed and remanded.*