IMOGENE WHITEHEAD *et al. v.* MRS. W. J. KIRK.

[64 South. 658—62 South. 432.]

1. EXECUTORS AND ADMINISTRATORS. *Allowance to wife. Year's support. Discretion of court. Code* 1906, *section* 2052.

The widow is entitled to a year's support under Code 1906, section 2052 where her husband died leaving a will devising all of his property to his sisters to the exclusion of his wife.

2. SAME.

In such case the amount of the allowance for the year's support of the widow is in the sound discretion of the chancellor, and in determining the amount, he can properly take into account the manner of living to which the widow, during the life of her husband, had been accustomed, her station in life and the demands which such station imposed upon her.

3. SAME.

Under the facts in the case an allowance of twelve hundred dollars for the year's support of the widow was not excessive.

APPEAL from the chancery court of Yazoo county.

HON. G. G. LYELL, Chancellor.

Application of Mrs. W. J. Kirk for the setting apart to her of a year's allowance. From an order of the chancellor, confirming the report of the commissioners setting apart of one thousand two hundred dollars Imogene Whitehead and others appeal.

The facts are fully stated in the opinion of the court.

*E. L. Brown, Barnett & Perrin,* for appellants.

As shown by the will of the decedent offered for probate and introduced in evidence, Mr. Kirk devised and bequeathed his entire estate, personal and real, exempt and nonexempt, to his three sisters, the appellants, after the payment of his debts. His widow is his only heir, and she claims the year's support. It is to be presumed that, if her contest of the will fails, she will also claim one-

half of his estate, or one-half diminished by hers, accordingly as the value of her separate estate may, or may not, be equal to her share of his, or to one-fifth thereof, under sections 5086, 5087 or 5089 of the Code.

Abstractly stated, the question presented is, Does section 2052 of the Code limit the right of testamentary disposition granted by section 5078? Or, do sections 5086, 5087 and 5089 mean that the widow may take, in case there be no children, one-half of the estate, or one-half less hers, plus "provisions" and "wearing apparel" for one year?

Section 2052 provides that the widow shall have "out of the effects of the deceased," one year's provision including such provisions as may be embraced in the exempt property, and if there be no provisions, or an insufficient amount, money in lieu thereof, or in addition thereto.

Section 5078 provides that "every person aged twenty-one years, male or female, married or unmarried . . . shall have power by last will and testament to devise all the estate, right, title and interest in possession, reversion, or remainder, which he hath, or at the time of his death shall have."

Section 5086 provides that, if an unsatisfactory provision be made for the widow, she may renounce the same, and shall then take her legal share of his estate, except that, if there be no children, she shall take one-half of the estate.

Section 5087 provides that, if there be no provision made for the widow, she shall take her legal share as in case of unsatisfactory provision.

Section 5089 provides that, if the wife have a separate estate equal in value to her share of the husband's and no provision, or an unsatisfactory one, be made for her, she shall take no part of his; but if her separate estate be equal to one-fifth, or more, of her share of his, she shall take sufficient of his to make hers equal to her legal share of his.

Now, do these sections mean what they import, or does section 2052 limit and qualify the right to make testamentary disposition of "all" of his estate given by 5078? Does the section have to be read into sections 5086, 5087 and 5089, and add to the rights, there guaranteed, that the widow shall have, in addition thereto, a year's "food and raiment" notwithstanding the will.

Suppose that, in this case, the widow's separate estate were equal to the entire estate of the deceased, and the will were made as it is, could the widow be held entitled to the year's provision and necessary wearing apparel, nevertheless? If so, section 2052 is nothing less than a limitation upon the right guaranteed by section 5078 to "every person aged twenty-one years, married or unmarried," and the limitation operates, in this cause, because married. *Alred* v. *Kelly,* 65 Miss. 495; *Nash* v. *Young,* 31 Miss. 134.

Since the Act of 1821, the law has required that any devise, or bequest, by a testator to his widow, should be construed to be in bar of any interest she had, or might have, in his estate, "unless it be otherwise expressed in the will." So that, a provision of the will to the effect that the devise or bequest is given in lieu of all interest which she might have under the law, would add nothing to the will. There is and has been no ground of distinction between a will with the provision and one without it, since 1821. The doctrine of election would apply in one case as in the other.

The counsel for the widow plant their claim on the case of *Turner* v. *Turner,* 30 Miss. 428, claiming that that case is not qualified, but reaffirmed, as to the right to the allowance, in *McGaughey* v. *Eades,* 78 Miss. 853. We plant our contention upon the proposition that the Turner case, as to the right to the allowance, is squarely overruled by the McGaughey case; the former case grants it, and the latter denies it, without the shadow of ground for distinction, both cases involving a total testamentary disposition, as in this one.

Under agreement of counsel, the widow was allowed money by the appraisers, and no specific property was set aside. The question, therefore, is, what would be a proper amount for "food and raiment" (*Barber* v. *Ellis*, 68 Miss. 172) for twelve months?

The Chancellor allowed three hundred and ninety-four dollars for "raiment," seven hundred and six dollars for "food," and one hundred dollars for "servant's hire," a total of one thousand two hundred dollars, the amount allowed by the appraisers for "one year's support for the widow."

The statute provides that she, if entitled to any sum, should have been allowed for "necessary wearing apparel," and "one year's provision, including such provision as may be embraced in the exempt property set apart; and if there be no provisions, or any insufficient amount, the appraisers shall allow money in lieu thereof, or in addition thereto, necessary for the comfortable support of the widow." In addition to the provisions, or money in lieu thereof, the money for necessary wearing apparel shall be allowed. Section 2052. In execution of the mandate of this section, section 2049, fourth, provides the warrant to the appraisers, directing them to set apart for the widow one year's provisions and necessary wearing apparel, including in such provisions so much thereof as is embraced in the exempt property set aside to her, or if there be no provisions, allow the sum of money necessary to supply the same for one year.

From the use of the word "provisions" and the directions that the "provisions" embraced in the exempt property shall be considered, it is perfectly manifest that the statute did not direct that creditors, devisees, or legatees, should be taken from to keep up the "ante-bellum home" with a retinue of house servants, telephones, buggies, horses, carriages, hostlers, supplies for comers and goers, plantation managers, carriage drivers, doctor's bills, drugs, toilet articles, magazines, stationery, stamps and daily papers.

*Campbell & Campbell,* and *Barbour & Henry,* for appellee.

Counsel for appellants contend: First, that the widow was not entitled to any allowance at all; second, that the allowance of one thousand two hundred dollars was excessive.

Counsel's contentions that no allowance should be made is based on the theory that to do so, would be a limitation on the right of a person to make a will. In support of this contention he cites the case of *McGaughey* v. *Eads,* 78 Miss. 853.

We seriously doubt the soundness of this decision, but admitting that the decision is sound law, it in nowise supports the contention of counsel.

In the McGaughey case the testator left his widow one thousand dollars and expressly stated that the one thousand dollars should be in lieu of all exemptions, demand or interests in his estate both real and personal. The court held that the widow having failed to renounce the will, and, having elected to take the provision made in the will, she was bound by the terms of the will, and was not entitled to the year's support in addition thereto. This decision is based purely and simply upon the doctrine of election. No such question is presented in the instant case.

If in the McGauhey case, the testator had simply left his wife a legacy of one thousand dollars, without stating that it should be in lieu of all exemptions, demand and interests in his estate, then the widow would have been entitled to her allowance in addition to a year's support. The fact that the testator left a will did not preclude the widow and children of the widow from demanding the year's support. *McCleary* v. *Robinson,* 12 S. & M. 318; *Turner* v. *Turner,* 30 Miss. 428.

The McGaughey case does not hold that if a man makes a will and disinherits his wife entirely, that then she

cannot claim the statutory allowance of the year's support. This is the contention of opposing counsel.

The case of *Alfred* v. *Kelly*, 65 Miss., cited by counsel, does not touch the question now presented. This case simply decides that a wife can dispose of her homestead by will, and the husband gets only such interests as the statutes allow, in case there is no provision made in the will for the husband. The case of *Nash* v. *Young*, 31 Miss. 134, decides the same as to personal property. The question of a year's support was not involved in the case of *Alfred* v. *Kelly*, and was not before the court in the case of *Nash* v. *Young*.

The case of *Barber* v. *Ellis*, 68 Miss. 172, decides that a nonresident widow could take advantage of the laws of Mississippi and claim one year's support.

We now come to the second ground of exceptions, that, the allowance of the appraisers was excessive, and the chancellor committed error in affirming them. At the out-set we wish to call the court's attention to the fact that all the personal property, horses, mules, cows, sheep, hogs, peas, potatoes, hay and corn, in fact all, the personal property was sold, and the widow was left naked, and had to buy everything, and that the one thousand two hundred dollars of money was to cover everything allowed the widow, under the statute. We wish the court to remember also that the personal property realized six thousand dollars, and the testator owned two thousand and forty acres of land, worth from twenty thousand to thirty thousand dollars with a mortgage of eight thousand dollars on the homestead. Section 2052 of the Code says, when money allowance is made it shall be in an amount necessary for the comfortable support of the widow or widow and children, as the case may be. The statute says comfortable support. What does it mean by this? Does it mean that the appraisers were to make an itemized statement of what it would cost to buy sugar, coffee, meat, flour, salt, eggs, and the other neces-

sary items which go to make up the daily expenditures of one's living, or, could the appraisers take into consideration the station in life of the widow—how her husband had supported her, and the circumstances surrounding her and the value of the estate. If the latter, we think that this allowance was exceedingly reasonable. She lived in the country, practically alone, she had to have some one to haul her wood, and attend to the house and the premises. This was absolutely necessary. She had a right to reside on her homestead, and she could not stay there alone. That this was the construction put upon the statute by opposing counsel is shown by the question asked Mrs. Kirk by opposing counsel, when he asked ·Mrs. Kirk to make an estimate of what it would cost her to be supported for one year, in the same station of life that she had been in her husband's lifetime, including the necessary costs of entertaining visitors and friends who would visit her.

Unless the court is going to put a mere meat and bread construction on the statute, the allowance was not at all excessive, taking into consideration the fact, the station in life of Mrs. Kirk, that she was alone, practically, in the country, and that she had to have servants, and that everything on the place except the chickens was sold, and she would have to buy everything she would need. We think the testimony fully warranted the chancellor in confirming the report of the appraisers.

Cook, J., delivered the opinion of the court.

W. J. Kirk died, leaving a will devising *all* of his property to his sisters, to the exclusion of his wife. The wife's name is not mentioned in the will. Appraisers of the estate of the testator were appointed, and set aside to the widow who had no children, one thousand two hundred dollars in money for a year's comfortable support. Exceptions were taken to this report by appellants, devisees under the will, which exceptions were overruled.

From the action of the chancellor, confirming the report of the commissioners, this appeal is prosecuted.

The contention of appellants is that the widow is entitled to no allowance under section 2052, Revised Code of 1906, the decedent having died testate as to his entire estate, and the allowance, if she is entitled thereto at all, is grossly excessive. In support of the contention that in cases where the decedent leaves a will the widow is not entitled to one year's support, counsel for appellants cite *McGaughey* v. *Eades,* 78 Miss. 853, 29 So. 516. In that case the widow, by the will of the decedent was left a legacy of one thousand dollars, and he expressly stipulated in his will that said sum of one thousand dollars should be in lieu of all exemptions and other demands or interest in his estate, both real and personal. "In the eighth item of his will be directed the legacy given to his wife to be paid before all other legacies, and in the twelfth item of his will he declared that it had been his aim to make his wife equal to any one of the other heirs and no more." The above quotation is taken from the opinion of the court, and to make clear what the court did decide we quote from the opinion this statement, viz.: "To permit the widow to take the legacy under the will of her husband, and at the same time to receive the benefit of an allowance of one year's provision, directly against the will of the testator, would be to allow her to affirm the will as to the one thousand dollar legacy, and repudiate it as to the year's provision. This may not be done. *Shafer* v. *Shafer's Ex'r,* 129 Ind. 394 [28 N. E. 867]."

It may be conceded, and for the purposes of this decision it is conceded, that this court in the McGaughey Case, inferentially, at least, overruled *Turner* v. *Turner,* 30 Miss. 428, and *McReary* v. *Robinson,* 12 Smedes & M. 318. We think that the rule of construction announced in the last-named cases is the better rule, and in our opinion the reasoning correctly interprets the legislative in-

tention. "The allowance for a year's provision stands upon different ground—that of the immediate necessities of the widow and children. It interferes with no right of disposition which the testator could be presumed to make of his property, and therefore, from its peculiar nature, is allowed as a privileged claim upon his estate, whether he has left a will or not. . . . It is intended as a humane provision for the support of herself and her children, when she is presumed to be left in a condition in which she is unable to provide for herself."

In regard to the contention that the allowance was grossly excessive, we cannot see that this is so. This was left to the sound discretion of the chancellor, and in determining the amount he could properly take into account the manner of living to which the widow during the life of her husband had been accustomed—her station in life and the demands which such station imposed upon her.

*Affirmed.*