## WILLIAMS *v*. WILLIAMS.

[71 South. 300.]

PARTITION. *Homestead. Effect. Widow's share.*

Under section 5086, Code 1906, authorizing a widow to renounce the provisions made for her in her husband's will and to elect to take her legal share of his estate, whereupon she is entitled to such part of his estate, as she would have been entitled to if

he had died intestate, a widow with one child, upon renouncing
her husband's will, took by descent a child's share or an un-
divided interest in the homestead, and the same under section
1659, Code 1906, was not subject to partition during her widow-
hood without her consent as long as it was occupied by her.

APPEAL from the chancery court of DeSoto county.
HON. J. G. McGOWEN, Chancellor.

Harriet Williams excepted to the report of a sale of
the homestead, made by W. S. Williams, the executor of
Richard Williams deceased; exceptions sustained and
sale vacated and set aside and the executor appeals.

The facts are fully stated in the opinion of the court.

*Lauderdale & Lauderdale,* for appellant.

*J. E. Holmes* and *R. F. B. Logan,* for appellee.

STEVENS, J., delivered the opinion of the court.

The appeal in this case is prosecuted by appellant as
the executor of the last will and testament of one Richard
William, deceased, and is based upon a decree rendered
by the chancery court of DeSoto county sustaining ex-
ceptions to the report of a sale made by the executor of
the homestead of the deceased. The record discloses that
Richard Williams, by his last will and testament, directed
that his executor should take possession of the real prop-
erty, sell the same, together with his other property,
real and personal, for cash at public sale, and, after pay-
ing all debts and the expenses of administration, should
pay or divide the proceeds of sale amongst his widow,
Harriet Williams, appellee herein, and his five children
mentioned by name in the will. The widow, in proper
time after the death of the testator, renounced the will
and thereby elected to take by inheritance in accordance
with the statute. The testator, with his wife and minor
child, resided upon their country home consisting of the
one hundred and thirty-five acres of land involved in this

suit. This exempt homestead the executor attempted to sell in accordance with the terms and directions of the will, and it is to his report of the sale of the homestead that the widow objected, on the ground that the same constituted the exempt homestead and that the widow had the statutory right to reside upon this homestead during her widowhood. The court sustained the objections and set aside and vacated the sale attempted to be made by the executor. From this decree the executor appeals, contending that the testator had a right to dispose of his exempt property by will, and that when he has thus made disposition of the homestead the widow no longer has the right given her by section 1659, Code of 1906.

There is no contention that the widow in this case has a separate estate, and her rights, therefore, are fixed by section 5086, Code of 1906. Under this section the widow is not only awarded a child's part of the estate in the instant case, but enjoys such statutory rights as are given her by the laws of decent and distribution. So far as her rights are concerned, there is no will. She is accorded the statutory right to renounce the will and thereby brush aside the instrument of writing by which the rights of the other devisees are measured. In thus electing to take an heir's portion of the estate, she inherits by decent an undivided interest in the homestead, which, under the express provisions of the statute, "shall not be subjected to partition or sale for partition during her widowhood, as long as it is occupied or used by the widow, unless she consent." This understanding of the statute was evidently in the mind of Judge Terral when he, in the case of *McGaughey* v. *Eades,* 78 Miss. 853, 29 So. 516, employed the following language:

"Where she gets nothing by the will, or where the devise to her is unsatisfactory, and she renounces the will, she takes a child's part of his estate; but where she takes a legacy under the will, and the will is expressly made in lieu of the allowance of one year's provisions and all exemptions, she may not, without renouncing the will,

take the legacy and the year's provision and other exemptions.''

The same thought is expressed in unmistakable terms in the case of *Gordon* v. *James*, 86 Miss. 719, 39 So. 18, 1 L. R. A. (N. S.) 461. Among general expressions of the court in harmony with this view, Judge Truly observed that the widow in a case of this kind ''is at liberty to signify her dissent to the will; and, when she has done this, in the eyes of the law the decedent, so far as her rights are concerned, becomes an intestate, and her rights are fixed by the law, which would control if he had died in a state of total intestacy.'' The law looks with favor upon the homestead exemption and guards jealously, not only the right of the husband to occupy with his family the home while he is living, but continues to give shelter to his widow during her widowhood, even saying to the creditors that the homestead is sacred ground and cannot be subjected to their debts.

The case of *Nash* v. *Young*, 31 Miss. 134, is relied on by appellant. Without expressly approving the announcement of the court in that case, the facts differentiate it from the instant case. The Nash Case dealt largely with personal property which had been specifically devised to parties other than the widow, and when this case was decided the widow had the right of dower, and in the setting part to her of dower the mansion house was embraced in the portion to be allotted her. Furthermore, in the present case we think section 1659 of our present Code should be so construed as to embrace this case. We think the legislature so intended, and this construction does not materially interfere with the right of the testator to dispose of his exempt property in accord with his wishes.

*Affirmed.*