CAIN *et al. v.* BARNWELL *et al.*

[87 South. 481, No. 21555.]

WILLS. *Statutory provision that on renunciation husband shall be
entitled to one-half of wife's estate does not limit his rights as
heir to property not devised.*

That part of section 5086, Code of 1906 (section 3374, Heming-
way's Code), providing that the husband, upon renouncing the
will, shall be entitled to only one-half of the real and personal
estate of his wife, refers only to the property devised and be-
queathed under the will, and in no wise limits or circumscribes
the husband's rights as sole heir at law to inherit all of the pro-
perty under the laws of descent and distribution not devised or
bequeathed by the will. This provision only limits his right
to take one-half of the property devised or bequeathed by the
will.

APPEAL from chancery court of Jackson county.

HON. W. M. DENNY, JR., Chancellor.

Proceeding between Mrs. W. Y. Cain and others and
E. B. Barnwell and others. Judgment for the latter, and
the former appeal. Affirmed.

*R. C. Broom* and *Reed, Brandon & Bowman,* for appellant.

In view of the information which the court already has
conserning the matters presented in this appeal, from the
consideration of the facts and arguments in the case of
*W. M. Cain et al.* v. *Barnwell,* No. 21286, now pending
and the decision of the former appeal of that case as re-
ported in 120 Miss. 209, 82 So. 65, we do not see that an
extended discussion of the case is now necessary.

This court sustained the will of Mrs. Barnwell, deciding
that it had not been revoked on the first appeal. The case
was then remanded to the chancery court. An answer,
which was made a cross-bill with exhibits was filed. There
was an answer to the cross-bill and an agreed statement
of facts. It seems to us that all facts necessary to be known
were before the chancery court in order that a decree could
be rendered settling all questions relating to the rights
of the different parties in the estate of Mrs. Barnwell.
We now refer to the pleadings and agreed statement of
fact just mentioned and call the court's attention to the
very full statement of the facts in the case as set forth in
the final decree. The chancellor, however, did not pass
upon the claims of the appellants herein in that case. He
only decided that Mr. Barnwell was entitled to one-half
interest in the property specifically devised in the will.
Thereupon appellants in this case desiring their rights ad-
judicated, filed their bill of complaint.

Mrs. Barnwell, by her will, made a specific devise of
certain land, only a part of her estate, which part is much
less than one-half of her estate. She died intestate as to
all of the other property owned by her. Her surviving

husband, having no provision made for him in her will, and being dissatisfied therewith, elected to claim the right to share in the estate under section 5087, Code of 1906, section 3375, Hemingway's Code, as in the case of unsatisfactory provision in a will as provided in section 5086, Code of 1906, section 3374, Hemingway's Code. Under the sections of the code the surviving spouse is given the right to elect to take as though satisfactory provisions is not made in the will and he had renounced the same.

But in no case can he take more than one-half of the real and personal estate of the deceased spouse. The language of the statute is simple and clear. Therefore if the provisions be carried into effect in this case, according to their plain meaning, Mr. Barnwell can have only one-half of the real and personal estate of Mrs. Barnwell.

It will be seen from the decree in case No. 21286 that the chancery court did not decide relative to Mr. Barnwell's interest in all of the estate. Following the holdings in that decree in this suit it is asked that the brother and sisters be adjudged to own interests in all of the property except that given by the decree to the three nephews under the specific devise.

Referring to the demurrer of appellee, E. S. Barnwell, the bill of complaint is not vague, nor indefinite, nor uncertain in its terms. It sets forth facts sufficient for a proper decree adjudicating the rights of the several parties. It will be noticed that not only are the necessary facts stated in the bill, but reference is made therein to other proceedings and papers which help to give all required information.

We presume the grounds in the demurrer of "no cause of action" and "no equity" are meant to include the contention that appellants are not entitled to any part of Mrs. Barnwell's estate and we presume that the chancery court so decided. We believe that this contention has been fully answered by the presentation of the case already made in this brief and in the argument in case No. 21286 which we

have referred to.  We therefore make no further reply thereto at this point.

There are two special grounds of demurrer, being the second and the third therein stated. Replying to the second ground in effect that the bill is contradictory in its averments with reference to the interest which appellee, Barnwell, has in the estate, we believe that a reading of the bill will show that there is no real contradiction and that the court will see therefrom what the appellants are claiming.  In this connection, the court will again note that the appellants have framed their bill to conform to the decree of the chancery court in case No. 21286.  However, the chancery court certainly had sufficient statement of the case upon which a decree could be rendered settling the claims of the different parties.

We do not see any force in the other special clause of demurrer, as stated in the third ground thereof in effect, that a considerable portion of the personal property of Mrs. Barnwell was exempt property and not disposed of by her will and descended to appellee under the statute governing the descent of exempt property.  It is true that the exempt personal property was not disposed of by will but that does not operate to prevent its being included in the general disposition of the estate and in the apportionment thereof, upon appellee's election to claim under the statute as surviving husband.  There is hardly any conflict in the several statutes referring to and touching this matter.  If appellee desires to have the exempt personal property, the court, it seems to us, can by a proper decree award it to him as a part of his share in the estate.  Surely this is a matter that can be properly adjudged and disposed of by the court in its decree and it is not a sufficient ground of demurrer.

In the appeal in case No. 21286 we contend that all of the land specifically devised to the three nephews should be given to them by the court.  This can be done and there will still remain a sufficient amount of property for Mr.

Barnwell to have his one-half of the estate. Should not this specific devise be confirmed and remain in effect? Should not the last wishes of the testatrix be respected? A specific devise is a particular disposition of property. It is the policy of the law to uphold such provisions when it can be done. We refer the court to the case of *Nash* v. *Young*, 31 Miss. 134. In that case the court was dealing with the question of whether a widow is entitled to so much of the estate of her deceased husband as is exempt by law from execution when the husband has disposed of the property by his will and the widow has renounced the will. The court in the opinion said:

"But if no provision be made for her in the will, and she renounce, yet she will be entitled only to her share of the estate generally, and is not entitled to any specific part of it which has been disposed of by the will. Consequently, whether provision be made for her in the will or not, or whether she renounce the will or not she will not be entitled to specific property of this description which is disposed of by the will." We, therefore, again present to the court our contention with reference to the specific devise. The bill is broad enough in its averments to permit the rendition of the proper decree dealing with and deciding all the rights and claims of parties in interest. This should be done and the litigation between the parties brought to a conclusion.

It appears to us that the court considering both appeals now pending can and should decide: (1) that the specific devise to the three nephews being for less than one-half of the estate left by testatrix be sustained and remain in force and effect, and (2) that appellee, Barnwell, having elected to take under the statute thereby in effect renouncing the will, be entitled to one-half in value of the entire estate, this one-half to be taken out of the remaining estate, that not devised, and (3) that after the same is set aside to him, the balance then remaining be decreed to be owned by the brother and sisters of testatrix, her next of kin and these next entitled, after appellee, Barn-

well, to distribution of her estate; and that the case be remanded for ascertainment of the value of the properties and for such orders as may be necessary to finally settle the controversy.

We respectfully submit that the demurrer in this case should have been overruled and we ask the court to reverse the decision of the chancery court of Jackson county and to decide the matters in controversy now in the manner in which we have just hereinabove outlined.

*Denny & Heidelberg,* for appellee.

The contention of appellants is that, regardless of the fact that appellee is the surviving husband and sole heir at law of the said Mrs. L. C. Barnwell, deceased, and under the statute of descent and distribution, would have inherited all the property owned by his said wife at date of her death not disposed of by will, if he had taken no steps to recover one-half of the land bequeathed to the Cains, and by his act in seeking to be adjudged owner of one-half of said land he forfeited all right to any property of the estate of his deceased wife in excess of one-half thereof; that the clause in said section 5086k, which provides that, in such case as this, the surviving spouse shall be entitled to only one-half of the real and personal estate of the deceased spouse, prohibits and debars appellee from receiving and owning in excess of one-half of the estate of his said deceased wife; that by his act in claiming one-half of the land bequeathed to the Cains, he was penalized and deprived of one-half of said estate which he otherwise and under the statute of descent and distribution would have owned.

Appellants cite no decision of this court upholding their construction of the statute, and knowing that the attorney's for appellants are distinguished for their learning and energy, and being ourselves unable to find any authority supporting their claim we feel safe in saying there is no such authority, and that appellants are not entitled to

any property whatever from the estate of Mrs. L. C. Barnwell, deceased.

On the other hand, we assert that appellee is the owner of all the property owned by his said deceased wife and not by her devised, just as fully and effectually as if he had not claimed his statutory right to one-half of the land devised to the Cains. We think and respectfully submit, that the statute under consideration (section 5086 of the Code) means that the surviving husband having no separate estate and for whom no provision was made in the will of his deceased wife who died leaving no child nor descendants of such, is entitled to all the property that he would have inherited had his wife died intestate, except that, upon renouncing the will or acting as the statute authorizes where no provisions are made in the will for the husband, he shall be entitled to only one-half of the real and personal estate of his deceased wife which she disposed of in her will; that the statute limiting the surviving husband to one-half of the estate has reference and applies only to the property devised, and it does not apply to' or embrace property not devised nor mentioned in the will. So far as appellee is concerned and his rights of property in the estate of his deceased wife not by her devised, are affected by his act in claiming one-half of the land bequeathed to the Cains, he inherits all the property left her by his wife except the land bequeathed to the Cains, as fully and effectually as though his wife had so disposed of the property in her will.

We submit that it would be in perfect harmony with the statute here under consideration, and also with the decision in *Lemon* v. *Rogge,* 11 So. 470, to hold that appellee shall have all the estate of his deceased wife, except the land devised to the Cains, as the sole heir at law of Mrs. L. C. Barnwell, deceased, and under the statute of descent and distribution; that he has not forfeited his right to such property by claiming one-half of the land bequeathed to the Cains, and that appellants have no sort

of interest in the estate of the said Mrs. L. C. Barnwell, deceased.

In *Gordon* v. *James,* 86 Miss. 799, 39 So. 18, section 5086, Code of 1906, is construed and its meaning made clear and certain. Of course what is said above as applicable to the wife is equally applicable to the husband. And it applies with equal force to appellee here, only that appellee should have the whole instead of one-half of the estate as in the case of Mrs. Carrie W. James, because of her child and co-heir.

Again in the case of *Williams* v. *Williams,* 111 Miss. 126, 71 So. 300, section 5086, Code of 1906, is construed and wherein is the following statement:

"Under this section, the widow is not only awarded a child's part of the estate in the instant case but enjoys such statutory rights as are given her by the laws of descent and distribution. So far as her rights are concerned, there is no will. She is accorded the statutory right to renounce the will and thereby brush aside the instrument of writing by which the rights of the other devisees are measured. In thus electing to take an heir's portion of the estate, she inherits by descent an undivided interest in the homestead, etc.

In *Gordon* v. *Perry,* 98 Miss. 893, 54 So. 445, it is held that when a specific devise of real property is avoided by the renunciation by the widow of the testator as provided for under Code 1906, section 5086, and in the subsequent distribution only one-half of a lot devised to the widow is received by her, the other half of the lot descends as undivided property to the heirs and does not go to the residuary legatees.

In *O'Reily* v. *Laughlin,* 92 Miss. 1, 45 So. 19, where the object of the proceeding was to have Mrs. O'Reily's share in the estate of her deceased husband determined, she having renounced his will and elected to take under the statute, question of whether or not an insurance policy payable to the heirs of O'Reilly was the separate estate of the widow at date of the death of her husband arose, and

it was held that it was not such separate estate, and that she took it as heir of her deceased husband the court saying:

"She was sole heir. If there had been three heirs, each would have been entitled to one-third as heir and not otherwise. She, being sole heir, took all as heir, and not otherwise."

So here the property involved was not disposed of in the will of Mrs. Barnwell, and appellee being her sole heir, took all such property as the heir of his deceased wife.

Moreover, we submit that under the allegations of the bill in this cause and the statute of descent and distribution, appellee has a vested right to all the property of his deceased wife not by her devised; and further, that the decisions of this court above referred to established a rule or property under which the ownership of the property here involved in appellee will not be disturbed.

Considering the *status* of the estate and of the parties to this suit as shown in the bill of complaint, we are at a loss to understand by what rule of reason, equity or law the appellants can expect to successfully maintain their suit. On the other hand, the statutes, the decisions of this court above referred to and cited morals and justice interpose for appellee. Wherefore we trust that the decree of the chancery court herein will be affirmed.

SYKES, J., delivered the opinion of the court.

This suit is in reality a companion suit to that of *Cain v. Barnwell*, which has twice been here on appeal; the first opinion of the court being reported in 120 Miss. 209, 82 So. 65, the second opinion, by Division B, rendered on March 21st, 87 So. 481, not yet [officially] reported.

In that case the court held that under sections 5086 and 5087, Code of 1906 (sections 3374 and 3375, Hemingway's Code), where a husband of a testatrix did not possess a separate estate at the death of his wife, who devised land,

constituting the exempt property of both, to others than her husband, and made no provision for the husband in the will, and where there are no children nor descendants of children, the husband is entitled to an undivided one-half interest in the lands devised, and that this right of the husband is in no wise affected or defeated by the fact that the decedent was partially intestate, and that the property not disposed of by the will would pass to the husband as sole heir under the law of descent and distribution in this state, and that this property not devised constituted in value more than one-half of the entire estate of the decedent.

In the case before us the complainants, as brothers and sisters of the deceased, claim that since the husband, the appellee in this case, has elected to take one-half of the devised property, he is not entitled to take over one-half of all of the property, that devised and that not devised, and that these complainants are the next of kin and entitled to the other one-half of the property not devised by the will. Section 5086, Code of 1906 (section 3374, Hemingway's Code), provides that the husband, "upon renouncing, shall be entitled to only one-half of the real and personal estate of" his deceased wife. This section, however, deals only with the property devised and bequeathed under the will, and has no effect upon property inherited under the laws of descent and distribution. In construing this statute in the case of *Gordon* v. *James*, 86 Miss. 719, 39 So. 18, 1 L. R. A. (N. S.) 461, the court said that the widow "is at liberty to signify her dissent to the will; and, when she has done this, in the eyes of the law the decedent, so far as her rights are concerned, becomes an intestate, and her rights as fixed by the law, which would control if he had died in a state of total intestacy."

In construing this section in the case of *Williams* v. *Williams*, 111 Miss. 129, 71 So. 300, it is stated that "Under this section the widow is not only awarded a child's part of the estate in the instant case, but enjoys

such statutory rights as are given her by the laws of descent and distribution."

Under this section the appellee was entitled to one-half of the devised property. But this section in no' wise limits or circumscribes his right as sole heir at law to inherit the remainder of the property under the laws of descent and distribution, but limits his right only to one-half of the property devised or bequeathed in the will. The lower court so held, and its decree is affirmed.

*Affirmed.*