STEWART *v.* STEWART *et al.*

[96 South. 694. No. 22413.]

EXECUTORS AND ADMINISTRATORS. *Year's allowance for support of widow held authorized notwithstanding will.*

Under section 1717, Hemingway's Code (section 2052, Code 1906), a year's allowance is to be set aside for the support of the widow and minor children, if any, although the decedent died testate and left the widow by his will more than she would have received had he died intestate, where the will does not make the provision in lieu of all other claims, or where there is no inconsistency between the terms of the will and the provision for the allowance. *Whitehead* v. *Kirk*, 106 Miss. 706, 64 So. 658, and other cases cited.

APPEAL from chancery court of Chickasaw county.

HON. A. J. McINTYRE, Chancellor.

Suit by Mattie Stewart against Stanton Stewart and others. From a decree for defendants, plaintiff appeals. Reversed and remanded.

*J. H. Ford,* for appellant.

Appellant was deprived of everything on which to live after the old man's death. Surely he would not have sanctioned such a course could he have spoken. Even the learned chancellor found that denying her the first

year's allowance worked a hardship on appellant in the following language: "While in this particular case no doubt a hardship would be worked, I don't believe this court has the authority to sustain this motion allowing one year's support, the widow having elected as stated a moment ago to take under the will." Thus the court conceded that it was a hardship, but he did not make the allowance solely because he decided he could not do so as a matter of law because she had not renounced the will.

Counsel contends that the case of *Williams* v. *Williams*, 111 Miss. 129, 71 So. 300, is the last pronouncement of this court on the question here involved and sustains the decree of the court disallowing the year's support. That case is not involved here at all. There the widow had renounced the will. So, the issue in the case at bar could not have been before the court in the Williams case. It merely quotes the following from the *McGaughey Case*, 78 Miss. 853, 29 So. 516:

"Where she gets nothing by the will, or where the devise to her is unsatisfactory, and she renounces the will, she takes a child's part of his estate; but where she takes a legacy under the will, and the will is expressly made in lieu of the allowance of one year's provisions and all exemptions, she may not, without renouncing the will, take the legacy and the year's provision and other exemptions."

As already pointed out, the will here did not expressly provide that the legacy should be taken in "lieu of the year's allowance," and even this holding was repudiated by this court in the later case of *Whitehead* v. *Kirk,* 106 Miss. 299, 64 So. 658, holding that the year's allowance should be made to the widow whether the deceased husband died testate or intestate. So, this is the law in Mississippi today.

Therefore, we again insist that the decree below should be reversed and the allowance made.

*Jeff Busby,* for appellee.

If the provisions of the will of J. K. Stewart were not satisfactory to the appellant she had the statutory right to renounce the will within the statutory time, and to secure all the rights given her under the law. She cannot elect to take under the will and acquire a one-fourth interest in the entire estate and also receive whatever advantage the law would give her if there were no will. She would have taken a one-tenth interest in the estate of J. K. Stewart had she renounced the will. But she preferred to take under the will and look to it to fix her share. No proposition is better settled in the law than that a person cannot play loose and fast with any instrument. If they profit by a part of its terms they must accept those unfavorable too.

Appellant cites *McReary* v. *Robinson,* 21 S. & M. 317, and *Turner* v. *Turner,* 30 Miss. 428. *Turner* v. *Turner,* was cited and fully considered in *McGaughey* v. *Eades,* 78 Miss. 853. The court in the McGaughey case as the basis of its holding says: ''This rule results from the doctrine of election, which involves the notion that no man can claim inconsistent rights with regard to the same subject, and that anyone who asserts an interest under an instrument is bound to give full effect to that instrument; he cannot both accept and reject it, or avail himself of its benefits as to a part and defeat its provisions as to other parts. 1 Pomeroy's Equity Jurisprudence, sec. 395.''

No other construction of any instrument, whether it be a will, a contract, or any other instrument under which legal rights are determined would be logical or dependable. The appellant elected to take under the will a one-fourth interest instead of a one-tenth interest under the law, in the estate of J. K. Stewart, deceased. Will she be permitted to accept the favorable provision

of the will and the favorable part of the law and reject the unfavorable parts of the law and the will? The terms of any will which are positive and certain in disposing of an estate are as positive and certain as were the terms in the McGaughey case. The property is disposed of by the terms of the will and that is all there is to it.

Appellant cites *Whitehead* v. *Kirk,* 106 Miss. 706, 64 So. 659, as dealing, inferentially, with the point in this case. The latest case is *Williams* v. *Williams,* 111 Miss. 129, 71 So. 300. The court in this case in 1916 quotes at length from the McGaughey case, approving the soundness of that case. In the Williams case it seems to me that the opinion and authorities cited therein conclusively settled the correctness of the learned chancellor's holding in the case at bar, and we respectfully ask that the case be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

J. K. Stewart, a resident of Chickasaw county, made a will in 1918 by which he made certain devises of five dollars each to certain of his children, and 'the remainder of his estate to be equally divided between his three sons L. B. Stewart, Kelly Stewart, and Stanton Stewart. The will further provided:

"In the event of my marriage after this date, then my wife, if living, at the time of my demise, shall share alike in the residue of my estate with L. B. Stewart, Kelly Stewart, and Stanton Stewart."

The testator was then unmarried but afterwards intermarried with appellant and was living with her at the time of his death in September, 1921. He was at the time of his death the owner of about two hundred and fifty acres of land worth several hundred dollars and a small amount of personal property and about one thousand dollars due him in money now in the hands of

the administrator.   The will made no provision for an executor, and letters of administration *cum testamento annexo* of said last will and testament were granted by the chancery court to Stanton Stewart, who qualified as administrator.  There was a division of certain of the live stock and other tangible personal property between the three sons and the widow.  The widow filed no renunciation of the will, but about one year after the death of the testator filed her petition under section 2052, Code of 1906 (section 1717, Hemingway's Code), to have the administrator set aside to her one year's support out of the assets of the estate in his hands.  This petition was resisted by the administrator and was disallowed by the chancery court; the chancellor proceeding upon the theory that the widow was not entitled to the one year's support because she had not renounced the will within the time provided by law.

It was held in the cases of *McReary* v. *Robinson,* 12 Smedes & M. 318, and *Turner* v. *Turner,* 30 Miss. 428, that the above-named statute applied to cases of testacy and intestacy alike, and that the widow was entitled to a year's allowance, regardless of whether the testator had a will or not.

In the case of *McGaughey* v. *Eades,* 78 Miss. 853, 29 So. 516, it was held by this court that where a will bequeathed a wife one thousand dollars "to be paid to her at once upon his death, and, if the payment of said sum was delayed, it was to draw ten per centum interest from his death," and "he expressly stipulated in his will that said sum of one thousand dollars should be in lieu of all exemptions and other demands or interest in his estate, both real and personal," and the widow took this provision upon his death and did not renounce the will, that she was not entitled to the one year's support. The court so held upon the theory that it was inconsistent to accept this provision of the will, made expressly

in lieu of all other claims or demands, and also to get the year's support.

In the case of *Whitehead* v. *Kirk,* 106 Miss. 706, 64 So. 658, the court reannounced the doctrine of the cases of *McReary* v. *Robinson* and *Turner* v. *Turner, supra,* saying that the court's announcement of these cases was a sound construction of the statute, and also saying that possibly the case of *McGaughey* v. *Eades, supra,* was intended to overrule *McReary* v. *Robinson* and *Turner* v. *Turner, supra,* but that the court thought "that the rule of construction announced in the last-named cases is the better rule, and in our opinion the reasoning correctly interprets the legislative intention," thereby readopting these cases as the law of the state, if indeed it was affected by the case of *McGaughey* v. *Eades, supra.*

We do not understand that the case of *McGaughey* v. *Eades, supra,* is in conflict with the ruling of the other three cases above cited. The decision in *McGaughey* v. *Eades* is distinguished by the language of the will expressly providing that the bequest was in lieu of all other claims, and, that being true, of course, it was inconsistent to accept the benefit under the will and thereafter claim a provision in absolute contradiction of the terms of the will.

In the will before us in the present case there is nothing in the terms of the will inconsistent with the doctrine announced in *McReary* v. *Robinson, Turner* v. *Turner* and *Whiteheard* v. *Kirk, supra.*

The appellee contends that the case of *Williams* v. *Williams,* 111 Miss. 129, 71 So. 300, the latest case upon the subject, supports the decree of the chancellor. We do not think this case is in point, as there was an express renunciation of the will in that case, and the opinion therein rendered does not directly or by implication overrule the case of *Whitehead* v. *Kirk, supra.*

We think the chancellor was in error in dismissing the petition, and the judgment will be reversed, and the

cause remanded, with directions to allow a reasonable support under the above section.

*Reversed and remanded.*