NANCY MORGAN v. EPHRAIM MORGAN, Administrator.

PROBATE COURT: WIDOW'S APPLICATION FOR YEAR'S SUPPORT EX PARTE.—A proceeding by the widow, to have set apart to her, and her minor children, a year's allowance, out of her deceased husband's estate, is ex parte, and the administrator is not entitled to take notice of it, nor authorized to contest or litigate her claims.

APPEAL from the Court of Probates of Clarke county. Hon. John N. McKee, judge.

George L. Potter, for appellant.

W. P. Harris, for appellee.

HANDY, J., delivered the opinion of the court.

The appellant, the widow of the appellee's intestate, filed her petition in the Probate Court, praying an allotment of her year's provision allowed by statute, the same not having been set apart by the appraisers of the intestate's estate. Commissioners were thereupon appointed, who allotted to her the sum of $182, and reported the same to the court, and it was confirmed at June term, 1857. The administrator refusing to pay over to her the sum allowed, this petition was filed by her, alleging that he had ample funds with which to pay the amount, but refused to do so; and praying execution, according to the statute, against him, for the sum allowed.

The administrator appeared, and moved the court to set aside the order of allowance made at June term, 1857, on the ground that it was made without citation, or notice to him; and the motion was granted, and the petition dismissed.

The only question presented in this case is, whether the administrator was entitled to notice of the application for the allowance to the widow. And we think it clear that he was not.

The statutes upon the subject of the year's allowance to the widow manifestly contemplate, that formal proceedings shall not be necessary, in obtaining the allowance. None of these statutes make any provision for notice of the proceeding to the administrator; and the Act of 1852, chap. 226, provides that no petition to the court for the purpose shall be required. The allowance is a right, to which the widow is entitled under the statutes, to be paid out of the funds or property in the hands of the administrator, at all events, and whatever may be the condition of the estate, whether solvent or insolvent, testate or intestate. It is only necessary that the amount and value of the estate, and the circumstances and condition of the widow and children, should be taken into consideration, in making the allowance; and where the amount of the estate is shown, it is a matter with which the administrator has no concern. Hence, the statute authorizes the allotment to be made without direct proceedings for that purpose, and by the persons who appraise the estate. The reasons for this are twofold: first, that it may be made with reference to the amount and value of the estate; and secondly, that it may be made without formality of

proceedings for the purpose, and promptly, so as to answer the necessities of the widow and children, which are presumed to be immediate, and to arise from her helpless condition.

It is manifest, that opposition to the allowance by the administrator is not contemplated by the statute, and should not be tolerated; for such a course would tend to defeat the beneficial purpose of the statute—which is to give relief to persons whose helpless condition requires immediate means of support—by litigation and delay, depriving the parties of the humane provisions of the law at the very time when they stood most in need of it.

We, therefore, think that the administrator was not a proper party to the proceeding for the widow's allowance, and was not entitled to notice of it.

The judgment must be reversed, and an execution awarded as prayed in the petition, and the cause remanded to be proceeded with accordingly.