GILMER *et al. v.* GILMER.*

(Division A.  May 28, 1928.)

[117 So. 371.  No. 27121.]

24

*Corpus Juris-Cyc. References: Executors and Administrators, 24CJ, p. 263, n. 34; p. 265, n. 66; p. 268, n. 36; Wills, 40Cyc, p. 1968, n. 52.

See, also, 117 So. 830.

*Forrest G. Cooper,* for appellants.

26

*Chapman, Moody & Johnson,* for appellee.

Argued orally by *Forrest G. Cooper,* for appellant, and *Elbert Johnson,* for appellee.

COOK, J. On October 29, 1926, M. D. Gilmer died, leaving a last will and testament by which he disposed of all of his property under the following provisions thereof:

"1st. I will and direct that all real estate and personal property owned by me except my stock in Gilmer Grocery Company be delivered to my wife Alice Rogers Gilmer immediately without limitations or conditions.

"4th. After my successor has been elected and assumed his duties as president of Gilmer Grocery Company, the executor of my estate is directed to deliver certificate of stock covering one thousand shares in Gilmer Grocery Company to the secretary-treasurer of Gilmer Grocery Company and cause stock certificates to be issued for the said one thousand shares as follows:

"Five hundred shares or fifty thousand dollars stock at par value to my wife, Alice Rogers Gilmer and five hundred shares or fifty thousand dollars worth of stock at par value to my brother Jno. W. Gilmer, Jr., which is given them without limitations or conditions.

"5th. After the terms of this will have been complied with this far the executor will still have in his possession all Gilmer Grocery Company stock held by me over and

above one thousand shares which I direct to be handled as follows:

"Have the stock transferred to J. W. Gilmer, Jr., as executor, the stock to be held intact until my debts, if any, have been paid and until Vivian Louise and 'Billy' Devere Gilmer become of age. All dividends as income from said stock shall be used to pay my debts if any until they have been paid in full and then said dividends as income from said stock shall be turned over to my father and mother jointly as long as they both live and to either one of them in case of death of the other, said funds to be used by them for their comfort and pleasure. After the death of my father and mother and after the two above-named beneficiaries have become of age said stock shall be equally divided between them.

"6th. Should my father and mother both die before the beneficiaries become of age the executor shall use dividends as income from said stock to educate his children or reinvest for them as he thinks to their best interests."

This will was duly admitted to probate by the chancery court, and the executor named therein qualified as such. Thereafter the widow, Alice R. Gilmer, filed a petition alleging that she was being supported by the said M. D. Gilmer during his lifetime, and was dependent on him for support; that there had not been set apart to her out of the effects of the decedent an amount for her year's support, as provided by law; that the decedent left an estate of the approximate value of one hundred thirty-five thousand dollars, and had no children; that two thousand four hundred dollars was a reasonable amount for her comfortable support for one year; and prayed that a year's allowance of two thousand four hundred dollars be apportioned to her out of the effects of the decedent, and that the executor be directed to pay said sum to her.

Upon the hearing of this petition, the chancellor found the facts to be as alleged in the petition, and entered a decree apportioning as a year's allowance for the support of said widow the sum of two thousand four hundred dollars, and directed the executor to pay said sum to her. Thereafter the appellants Vivian Louise Gilmer and Billy Devere Gilmer, who were legatees under said will, filed a petition, by their father and next friend, to which the appellee, Alice R. Gilmer, was made a party, praying that this decree be vacated and set aside, alleging in this petition that said decree was granted without notice to them, and deprived them of a portion of their legacy without due process of law; that the provisions made for the said widow in said will were in lieu of the widow's allowance for one year's support; and that, under said will, there was no intention on the part of the testator to award to the widow any property other than that specifically bequeathed to her.

The said Vivian Louise Gilmer and Billy Devere Gilmer also filed a motion to set aside the said decree, assigning substantially the same grounds as alleged in the petition, and also that taking into consideration the financial situation and immediate necessities of the widow, and her separate property and income, the allowance was excessive, and that, under the will and the financial situation of the widow, no allowance was proper.

Upon the hearing of this petition and motion, John W. Gilmer, Jr., the executor of the will, and father of the appellants, testified that the gross value of the estate was about one hundred thirty-five thousand dollars, and that, after deducting all debts, charges, and expenses, the net value thereof was about ninety-three thousand dollars. The petitioners also offered to prove that at the time of the death of M. D. Gilmer, his wife possessed, in her own name, income bearing property which, together with the income from the property bequeathed to her under the will, was more than sufficient for her comfortable support

in that state in life to which she had been accustomed during the lifetime of her husband, and a larger sum than she had received from her husband in his lifetime.

This evidence was objected to on the ground that it was irrelevant and immaterial, and this objection was sustained, and a decree entered overruling the motion and 'denying the petition to vacate the former decree making the allowance, and from the latter decree, this appeal was prosecuted.

Section 2052, Code 1906 (section 1792; Hemingway's 1927 Code), requires that the appraisers of an estate of a decedent shall set apart one year's support for the family of decedent, this section providing, in part, as follows:

"It shall be the duty of the appraisers to set apart out of the effects of the decedent, for his widow and children who were being supported by him, or for the widow if there be no such children, or of such children if there be no widow, one year's provision, including such provision as may be embraced in the exempt property set apart; and if there be no provisions, or an insufficient amount, the appraiser shall allow money in lieu thereof or in addition thereto necessary for the comfortable support of the widow and children, or widow or children, as the case may be, for one year. . . ."

The acts of the appraisers are subject to the approval or disapproval of the chancery court; and, if no allowance for the support of the widow, or widow and children, as the case may be, has been made by appraisers, the court, or the chancellor in vacation, may, upon proper petition therefor, make the allowance. *Stewart* v. *Stewart,* 132 Miss. 515, 96 So. 694. The proceedings for obtaining the allowance are informal, and the statute makes no provision for notice to the executor or administrator, or the legatees or devisees under the will, and no such notice is required. "The allowance is a right, to which the widow is entitled under the statutes, to be paid out

of the funds or property in the hands of the administrator, at all events, and whatever may be the condition of the estate, whether (solvent or insolvent, testate or intestate'' (*Morgan* v. *Morgan, Administrator,* 36 Miss. 348; *Turner* v. *Turner,* 30 Miss. 428), unless in the case of a will it is manifest from the terms of the will that the testator intended to and has made provision for the widow, or widow and children, in lieu of the allowance for one year's support.

In the case of *Whitehead* v. *Kirk,* 106 Miss. 706, 64 So. 658, it was contended that the widow was not entitled to an allowance for one year's support for the reason that the decedent died testate as to all of his property, and, consequently, that it was not the intention of the testator that she should have a year's support. But the court held that the mere fact that the testator had devised all of his property did not deprive the widow of her right to this allowance.

After a careful consideration of the terms of the will before us in the present case, we are of the opinion that there is nothing in the terms thereof which clearly manifest an intention on the part of the testate that the provisions therein for the widow were to be in lieu of the statutory allowance. The amount of the allowance to be made is within the discretion of the chancellor, and the decree of the chancellor fixing the amount of the allowance in this case recited that it was rendered upon testimony, and adjudged that the widow was supported by the said M. D. Gilmer in his lifetime, and was dependent upon him for support, and that, according to her situation, rights and interest, a reasonable amount for her comfortable support for one year as the widow of the decedent was the sum of two thousand four hundred dollars; and we do not think this amount is excessive.

The objection to the proffered testimony as to the separate income of the widow and her income from the

property bequeathed to her was properly sustained, and the decree of the court below will be affirmed.

*Affirmed.*