## PRATT *v.* PRATT.

(Division B.  Oct. 28, 1929.)

[124 So. 323.  No. 28065.]

Mize, Mize & Thompson, of Gulfport, for appellant.

J. L. Taylor and Gardner, Brown & Backstrom, all of Gulfport, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from the chancery court, in which the appellant, Mrs. Pratt, filed a petition against the executor of the estate of her deceased husband, J. R. Pratt, in which she asked the court to require the executor to pay her one thousand dollars, unpaid on an amount awarded by the appraisers and approved by the court, for a year's support.

The deceased, J. R. Pratt, died on the 12th day of December, 1927, leaving a will in which W. F. Pratt was appointed executor. This will was admitted to probate on January 3, 1928, in vacation, which acts of the chancery clerk were duly approved. The clerk appointed appraisers to set apart to the widow one thousand eight hundred dollars, in cash, for a year's support. The assets shown by the appraisers' report were twenty-six thousand eight hundred fifteen dollars; the debts were largely in excess of this amount. After the year's support had been set apart in cash and approved by the court, the executor paid Mrs. Pratt eight hundred dollars. This amount was paid on the 8th day of August, 1928. The petitioner thereafter called upon the executor to pay the remaining one thousand dollars, and he declined to do so, upon the theory that a Cadillac car, valued at one thousand dollars in the inventory, was not delivered to him by Mrs. Pratt, who claimed that it belonged to her personally, and not to the estate of her deceased husband. When the petition was filed to have the executor pay the remaining one thousand dollars, he answered it by setting up the fact that the car had been appraised at one thousand dollars, and was shown in the appraisement of the estate as belonging to the es-

tate, and that by her refusal to turn it over Mrs. Pratt had elected in equity to take the car in lieu of the one thousand dollars cash, above referred to, as part of the year's support.

It appeared from the evidence that, prior to his death, Mr. Pratt, husband of the petitioner, bought a Cadillac car as a present for his wife. The agent who sold the car took it out to the appellant, who accepted the car, but Mr. Pratt paid for it by his check. It was shown by this agent that, at the time the car was carried out and delivered to Mrs. Pratt, Mr. Pratt stated that he had bought the car for his wife for a wedding present. It was shown by other witnesses that Mrs. Pratt constantly drove the car; that Mr. Pratt was never seen operating it, except on occasions riding with his wife, when she was driving; and it was shown by a number of these witnesses that Mr. Pratt, prior to his death, had stated that the car was given to his wife as a wedding present.

The executor introduced the clerk of the chancery court having custody of records to show that there was no contract in writing, signed and acknowledged by the husband, and appearing of record, by which the car was transferred from the husband to the wife. The chancellor denied the appellant's petition for the one thousand dollars cash, holding, in effect, that by retaining the car she had elected in equity to take the car in lieu of the one thousand dollars, at which the car had been valued in the appraisement of the estate.

Two propositions are presented by the appellant; one, that the court should not have tried the issue as to the ownership of the car in this proceeding, but should have required the payment of the money in cash as awarded by the appraisers, and leave the executor and the widow to test the title to the car in an appropriate proceeding by the executor to get possession of the car. It appears from the proof that the car was never turned over

to the executor, and, in fact, he had never had the possession of it. The other contention is that the proof shows that the car was delivered by the seller to Mrs. Pratt, and not to her husband, and that there was no requirement that the transfer of the title be recorded, as the title went from the seller of the car direct to Mrs. Pratt.

We are of the opinion that the first position taken is sound. The appraisers set apart one thousand eight hundred dollars to be paid in cash, and this was approved by the court. It was the duty of the executor to turn over this amount, in cash, to the widow for a year's support. The purpose of the statute in setting aside the year's support to the family of the deceased is to have something immediately available for the living expenses of the family, in this case the widow. This year's support should not be mixed up with disputed claims as to ownership or property between the widow and the executor, but the money should be placed at her disposal at once, or as early as practical, so that she may have the means of procuring a livelihood or support. Where the appraisers set apart the allowance in cash, it was deemed, no doubt, by them best that she have the money, rather than have an equivalent amount of property. It was held in Morgan v. Morgan, 36 Miss. 348, that the administrator has no right to object to or contest the allowance of the year's support to the widow and children.

It appears to us that it would be a great hardship in many cases to force the widow to litigate her rights to property claimed by her as a condition to the enjoyment of her right of one year's support, or take the chance of losing her support, or of having her support withheld from her until such litigation was settled. She was in possession of the property under claim of ownership, and she was not required to give up the possession of this property as a condition of receiving her year's sup-

242

port. The executor had an adequate remedy for getting possession of the property and must resort to it.

The section setting apart a year's support, section 1792, Code of 1927 (section 2052 of the Code of 1906), is a wholesome provision for the support of the widow and family, and its purpose should not be hampered by requiring the widow to litigate disputed claims at the expense of having her support withheld pending the outcome of such proceedings, nor should she be forced to surrender property or rights claimed in good faith, in order to obtain her living for the year.

It is unnecessary to decide the other questions presented. The judgment of the court below will be reversed, and judgment rendered here, directing the payment of the one thousand dollars according to the petition.

Reversed and rendered.