BOARD OF MAYOR AND ALDERMEN OF TOWN OF BOONEVILLE
*et al. v.* CLAYTON.

(Division A. Nov. 18, 1929.)

[124 So. 490. No. 28158.]

[Page content redacted]

**J. A. Cunningham**, of Booneville, for appellants.

**W. C. Sweat**, of Corinth, and **J. S. Finch**, of Booneville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree awarding the appellee alimony, canceling a deed made by her husband to certain property, and directing the sale thereof for the payment of the alimony awarded.

The appellee and her husband lived in September, 1923, and prior thereto, in the town of Booneville, in a house situated on a lot owned by her husband, and which constituted their homestead. They separated in September, 1923, the appellee moved to another county, and they have not cohabited since.

A few months after the separation the husband sold the homestead to the board of mayor and aldermen of the town of Booneville, and moved to another state. Afterwards the board of mayor and aldermen sold the property to Taylor, who now owns it, and who, together with the board of mayor and aldermen, are parties defendant to the bill of complaint.

The appellee testified at the trial that a short time before she and her husband separated she went into Attala county to see a sick relative, and while there she received a letter from her husband, telling her not to come back—that he would no longer live with her. This she said was a shock to her, as she had no reason to anticipate receiving such a letter. She returned home, and was again informed by her husband that he would no longer live with her, and that she must leave. They thereupon executed a written separation agreement, which the reporter will set out in full. She then again went to her relatives in Attala county, and seems to have lived there since.

This separation agreement was objected to by counsel for the appellee, but the court permitted it to go in, reserving its ruling thereon until all the evidence was in.

The appellee testified that her husband had been guilty of reprehensible conduct objectionable to her, but it is clear from the evidence that she did not leave him because thereof, but for the reason that he declined to live with her. She did not claim to have been coerced into signing the separation agreement. Her husband paid her seventy-five dollars under the agreement, but did not comply with the other provisions thereof.

Near the close of the evidence she was reintroduced as a witness, and stated, in response to a question not calling therefor, that she did not know what was in the written contract. It is clear, however, that she signed it, knowing that it was a separation agreement, and received at least three payments thereunder to be made to her by her husband.

The bill of complaint was filed in June, 1927, nearly four years after the separation. In rendering its decree, the court excluded this separation agreement from the evidence, awarded the alimony prayed, canceled the deeds under which Taylor holds the property which con-

stituted the homestead of the appellee and her husband, and ordered it to be sold for the payment of the alimony.

The appeal is by Taylor and the board of mayor and aldermen of the town of Booneville.

The paragraph of the separation agreement authorizing the husband to execute a deed to the property will be left out of view.

Under chapter 169 of the Laws of 1924 (Hemingway's 1927 Code, section 1914), a conveyance of a homestead owned by the husband is not valid, unless signed by his wife, if he be married and living with her. In Scott v. Scott, 73 Miss. 575, 19 So. 589, it was held that a deed to a homestead executed by a husband who had driven his wife away from his home, and refused to permit her to return thereto, is void. "So long as the wife has the right and the will to remain at home, she is . . . to be considered as there living within the meaning of the statute."

It is true that in the case at bar appellee's husband told her to leave, and that he would no longer live with her. No violence was offered her, and it is clear that she agreed thereto, executed the separation agreement without being in any way coerced into so doing; and the separation that thereafter followed was pursuant thereto. This being true, she cannot be held to have been living with her husband within the meaning of the statute when he conveyed the homestead to the mayor and board of aldermen of the town of Booneville. The separation agreement should have been considered by the court, and, had that been done, it would have declined to cancel the deeds. As all the competent evidence which any of the parties sought to introduce was before the court when it rendered its final decree, it will not be necessary for us to remand the case, but final judgment will be rendered here.

As the husband did not appeal from the decree, it will be reversed in so far only as it cancels the deeds to the property.; and a decree will be rendered here accordingly.

Reversed, and decree here.