# PRENTISS *v.* TURNER.

(Division B.   May 28, 1934.)

[155 So. 214.   No. 31282.]

R. M. Kelly, of Vicksburg, for appellant.

Vollor & Teller and Brunini & Hirsch, all of Vicksburg, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant was committed to jail by the chancery court of Warren county for contempt of court for refusing to pay over to appellee, the widow of Edmond Turner, five hundred dollars, a year's support theretofore allowed her by the court, appellant being the executor of the will of said Edmond Turner. From that decree, appellant prosecutes this appeal.

The cause was tried on agreed facts made a part of the record. The agreement, leaving off the caption and signatures, follows:

"In matter of motion filed in behalf of Emma Turner, widow of Edmond Turner, deceased, upon which motion James Monroe Prentiss, qualified and acting executor of the estate, was cited for contempt, it is agreed by counsel that the facts in the above matter may be submitted in behalf of said executor as follows:

"That on the 22nd day of August, 1933, letters testamentary were issued on said estate to said executor; that thereafter on, to-wit: the 31st day of August, 1933, a warrant of appraisement was issued to Mr. George Brown, Harry Watts and Lawson Smith, as appraisers, and they subscribed to appraisers' oath on September 7, 1933.

"That the appraisers after subscribing to the oath visited the premises of decedent, the home of Emma Turner, appraised the personal property belonging to

the estate and made an allowance in the sum of one hundred eighty dollars for the support of the widow, Emma Turner, for period of one year; that said appraisers reported and, as provided by the statute, set said sum of one hundred eighty dollars apart to the widow for one year's allowance in lieu of other provisions; that said report was delivered to the chancery clerk on or about the 20th day of October, 1933; that the executor, in accord with said report of appraisers, paid unto the widow the sum of fifteen dollars per month for each of the succeeding months.

"That on September 6, 1933, being a regular day of the September term of the chancery court, Emma Turner, widow of decedent, filed her renunciation of decedent's will, electing to take in lieu thereof her legal share of decedent's estate; that she likewise filed on said sixth day of September an ex parte petition for the apportionment to her of one year's support, and, upon presentation and hearing, the court ordered that: 'five hundred dollars be fixed as a reasonable sum to cover the comfortable support and maintenance of said Emma Turner for one year,' and further ordered that said executor pay said sum to Emma Turner, taking her receipt therefor.

"That after the report of the appraisers was made and after the executor paid to said Emma Turner, in accord with the award of the appraisers, the sum provided to be paid, said executor received notice from attorneys representing Emma Turner, calling on the executor to pay to Emma Turner the sum of five hundred dollars, which, it was alleged in said letter, had been awarded to Emma Turner by decree of the chancery court. The executor replied to the effect that the information contained in the letter of the attorneys was the first information he had, and in fact, was the first information received by any of the parties interested that such an award had been made, or that an ex parte hearing had been had on the petition filed by Emma Turner.

"That after the receipt of said communication from attorneys of Edmond Turner the executor conferred with counsel representing the estate and representing said executor, and thereafter replied to said attorneys to the effect that he was unaware that any ex parte order had been entered by the court; that he had made the award to the widow, Emma Turner, in accord with the report and order of the appraisers appointed who qualified to appraise said estate, and which order of appraisers, he was advised by counsel, was his authority for payment to said Emma Turner of the amount required by law to be paid.

"That thereafter on, to-wit: the —————— day of November, 1933, citation was issued and served upon executor, calling upon him to show cause why he should not be cited for contempt for failure to comply with the ex parte order made on September 7, 1933, which ex parte order was made without the knowledge of executor or any of the heirs or beneficiaries or legatees, or any party interested in said estate aside from said Emma Turner.

"That after service of said citation on the executor, the executor conferred with all of the parties interested in said estate, aside from Emma Turner, informed them of the citation served on him and advised them concerning the ex parte order. Whereupon, said heirs, beneficiaries and legatees filed a petition praying for a modification of the ex parte decree entered in matter of petition for the widow's allowance to conform same to the order made by the appraisers of the estate.

"The executor has in his hands, belonging to said estate, available cash with which to satisfy said decree, but nevertheless has refused to pay in accordance with the provisions thereof.

"It is agreed by and between counsel that all papers in this cause are to be taken and considered a part and parcel of this agreed statement of facts, and should there appear any discrepancies between the facts as here stated

and the facts which appear as true from the papers in this cause then the latter shall control.

"It is agreed that this cause be submitted to the court in vacation upon briefs to be furnished forthwith, and that the decree rendered herein to be and become effectual from the date of its rendition."

At the time of the institution of the contempt proceeding, and at the time of appellant's conviction, he had something over six thousand dollars in the bank which belonged to the estate of Edmond Turner. It will be noted from the agreed facts that on the 31st of August, 1933, a warrant of appraisement was issued naming three appraisers who subscribed to the required oath on September 7, 1933; on October 20 the appraisers made an allowance of one hundred eighty dollars to appellee, the widow, for a year's support, but that on the 6th day of September, 1933, before the appraisers acted, appellee made an ex parte application to the chancery court for an order allowing her a year's support out of the estate, upon which application a hearing was had, and an order made by the court allowing her five hundred dollars and directing appellant, as executor, to pay that sum to her.

Appellant contends that the court was without authority of law to make the allowance on appellee's ex parte application; that notice to the executor and the others concerned of the application and hearing was necessary, and, furthermore, that the court had no authority to fix the year's allowance except in reviewing the action of the appraisers in making such allowance. Section 1664, Code 1930, authorizes the appraisers to set aside a year's support for the widow and children, or widow if there be no children, or children if there be no widow. Section 1667 provides that the chancery court may apportion the year's allowance, or any part of it, according to the situation, rights, and interest of those concerned. The action of the appraisers is not final; it is only advisory to the chancellor, and is subject to his approval or disapproval. Gilmer v. Gilmer, 151 Miss. 23,

117 So. 371. The authority in the appraisers to set aside the year's support does not deprive the chancellor of the authority. He may, as he did in this case, entirely disregard the action of the appraisers. Section 1664 should be construed in the light of section 159 of the Constitution, which confers on the chancery courts full jurisdiction of "matters testamentary and of administration." Making the year's allowance is, therefore, part of the jurisdiction of the court; it could neither be taken away nor impaired by the Legislature. Legislative action could not go beyond making the action of the appraisers merely advisory to the court. No notice of the application and hearing for the year's allowance to the executor, heirs, or legatees was required. Such an application is ex parte, formal proceedings are not necessary, and there is no statute making provision for notice to any one. The allowance is a right, to which the widow is entitled, to be paid out of the funds in the hands of the personal representative, whatever may be the condition of the estate, whether solvent or insolvent. Opposition to the allowance by the personal representative is not contemplated by the statute. Morgan v. Morgan, 36 Miss. 348; Gilmer v. Gilmer, supra.

In the Morgan case the court said that opposition to the allowance by the personal representative should not be tolerated, for such a course would tend to defeat the beneficial purpose of the statute, which is to give relief to persons whose helpless condition required immediate means of support.

The contempt proceedings were held by the chancellor in vacation in another county than Warren. Appellant contends that a vacation hearing was not authorized by law. There is no merit in this contention, for two reasons: First, section 367, Code 1930, expressly authorizes the chancellor in vacation "to punish any person for breach of injunction, or any other order, decree, or process of the court, by fine or imprisonment or both." Second, the last paragraph of the agreed facts, upon

which the trial was had, expressly provides that the cause should be submitted to the chancellor in vacation upon briefs to be furnished, and that the decree rendered should become effective from date of its rendition. Section 320, Code 1930, gives the chancellor power and authority to hear and determine all matters in vacation by consent of the parties or their solicitors of record.

We are of opinion that the other questions argued by appellant are not of sufficient merit to require discussion.

Affirmed.