SYLVESTER *v.* STEVENS.

(Division B.   Oct. 16, 1939.)

[191 So. 483.   No. 33818.]

**Wm. I. McKay** and **Leonard E. Nelson,** both of Vicksburg, for appellant.

Brunini & Brunini, of Vicksburg, for appellee.

Argued orally by **Leonard E. Nelson,** for appellant, and by **E. L. Brunini,** for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Irene Sylvester, complainant in the court below, brought suit against the appellee, Ernest F. Stevens, seeking to set aside and hold void a conveyance of certain lands by one William Sylvester to the appellee; alleging that at the time the deed was executed by William Sylvester the said lands constituted his homestead,

and that the complainant, appellant here, was his lawful wife at the time; and that she did not join in executing the deed of conveyance. She alleged that she was married to William Sylvester at the time of the execution of the deed, and prior thereto, and subsequently until his death. She further alleged that the house upon the premises had burned down, and that they were temporarily living with another family when her husband took up with a strange woman, whom he brought into the home over complainant's protests. and importunities to the contrary; that he drove appellant away from home with violence and threats, and continued to live with the strange woman unlawfully; that she was driven from home about April 4, 1936; and that on September 9, 1936, William Sylvester died, and the complainant inherited, in absolute fee simple, title to the land involved in the suit.

It was contended by the defendant, Stevens, that the appellant had voluntarily separated herself from her husband and moved away from the home; and that the premises conveyed to the defendant did not constitute a homestead at the time of such conveyance to him by William Sylvester on April 24, 1936; that upon the separation of William Sylvester and the appellant, Irene Sylvester, they divided certain property between them, and thereafter the appellant continued to live apart from him, and with another person in an illicit relation—that her separation from William Sylvester was not forced upon her, but was voluntary.

On the trial of the case the appellant testified that her husband, William Sylvester, beat her and drove her away under threats, and took up with a strange woman, with whom he lived. She admitted that when they separated they divided the property, she taking a certain portion with her, and certain other household property being left with William Sylvester.

It is further shown by the testimony that the appellant, after the separation from her husband, lived with

another man in the relation of man and wife. The appellant testified on the witness stand that her husband had sought to get her to return and live with him, which she refused to do; but that later she and her husband had agreed that after the year 1936, as soon as the appellant had gathered the crop which she was cultivating, they would go back together.

The chancellor held that the appellant had voluntarily separated from her husband—that she was not compelled to leave him; and that consequently the case was controlled by the case of Board of Mayor & Aldermen of Town of Booneville, etc. v. Clayton, 155 Miss. 428, 124 So. 490, in which it was held that where the husband told his wife to leave, but offered no violence, and she executed a separation agreement without coercion, and the separation which followed was pursuant thereto, she was not ''living with her husband'' within the meaning of the Laws of 1924, chapter 169, section 1 (Hemingway's Code 1927, section 1914), providing that the conveyance of the homestead by the husband is not valid unless signed by the wife, if he be married and living with her; and the husband's deed to the homestead without the wife's signature was not void.

According to the testimony of the appellant herself, she refused to return to her husband when first approached by him, showing—or at least it might be inferred—that she was living apart from him voluntarily. There was also proof, which the Chancellor had reason to believe, and apparently did believe, that the appellant had lived in an illicit relation with another man. If this were true, it would afford a basis for finding that she had abandoned the intention of living with her husband. These circumstances would indicate that she had originally left her husband voluntarily, and not through coercion.

Considering the evidence as a whole, we think there is ample evidence to sustain the Chancellor's finding that

the appellant was not living with her husband at the time the conveyance was made, within the meaning of the law, and therefore the judgment will be affirmed.

Affirmed.