WESTBROOK *v.* SHOTTS.

(In Banc. Oct. 28, 1946. Suggestion of Error Overruled Nov. 25, 1946. Motion to Correct Judgment Overruled Nov. 25, 1946.)

[27 So. (2d) 683. No. 36182.]

Cameron & Wills, of Meridian, for appellant.

J. Thomas Dunn, of Meridian, for appellee.

**Alexander, J.,** delivered the opinion of the court.

The administrator filed a petition against appellant for the payment into the estate of her deceased husband of the sum of $263.14, representing a collection by her of wages owing to decedent at his death.

To this petition appellant filed answer basing her contention of non-liability upon the fact that such aggregate sum was paid to her by the Comptroller General of the United States as having been earned by her husband as a member of the employed force of the Office of Division Engineer, a subdivision of the War Department. To her denial she appended a prayer that the Court set aside to her, as the widow, a suitable allowance for subsistence.

The Chancellor decreed her liability to the estate in the amount claimed and further decreed that "the petition of Helen McRoy Westbrook for her widow's allowance be, and it is, held in abeyance until said money is paid, and if said $263.14 is not paid over to H. A. Shotts, Administrator, within fifteen days from the date of this decree, it is ordered and decreed that the said petition be automatically dismissed."

Though not set forth in her pleading as a defense to the demand, appellant relies upon the statutes of the State of Florida in which her husband had been employed. These statutes permit the payment by the employer to the wife of a deceased employee wages and traveling expenses, which if less than the sum of $300.00 "shall not be considered as assets of the estate and subject to administration." Fla. Stats. Ann., Vol. XI, Title XIV, Secs. 222.15, 222.16.

The Florida law must be held to apply only to estates therein administered. We find no cause for affirming

the decree establishing appellant's liability to the administrator.

Appellant attacks that part of the decree making conditional her right to allowance as widow for a year's support. We think this point is well taken. Her right thereto is absolute, Code 1942, Secs. 561, 564, and ought not to be involved in issues raised by claims of the administrator against her. Prentiss v. Turner, 170 Miss. 496, 155 So. 214; Pratt v. Pratt, 155 Miss. 237, 124 So. 323.

We are of the opinion that the two issues are not only separable but must be separated. Yet the matter of the widow's allowance was here raised by her prayer therefor, inserted in her response to the administrator's demand. Regardless of the fact that, or the extent to which, the item of wages may later become relevant, under other procedures, the issue raised by the petition was solely her liability to the estate for this asset.

The issue of priority between preference claims, made the subject of testimony and argument, is not properly before us.

In our judgment, so much of the decree as placed conditions upon appellant's right to her allowance as widow, is improper and the decree is therefore affirmed as to appellant's liability for wages collected, and reversed insofar as it relates to such allowance as widow and will be here amended accordingly.

So ordered.

**Sydney Smith, C. J.,** did not participate in this decision.