MOSELEY *v.* HARPER.

(Division A. October 20, 1947.)

[32 So. (2d) 192. No. 36524.]

Satterfield, Ewing & Hedgepeth, and **Frank Williams,** all of Jackson, for appellant.

A. Y. Harper, of Jackson, for appellee.

Argued orally by **Frank T. Williams**, for appellant, and by **A. Y. Harper**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Niles Moseley departed this life, testate, June 8, 1946, leaving an estate, real and personal, of the approximate value of $400,000, one-half of which, by his will, he left in trust for his widow, the appellant. The appraisers allowed the widow five thousand dollars for a year's support. She petitioned the Chancellor to increase that to eighty-five hundred dollars. The trustee, appellee here, resisted the increase. The Chancellor denied the petition and approved the amount fixed by the appraisers. The widow appeals from that decree.

Section 561, Miss. Code 1942, authorizes and directs the appraisers to allow the widow a sufficient amount for her comfortable support for one year. Such allowance by the appraisers is advisory to, but not binding upon, the Chancellor. Gilmer v. Gilmer, 151 Miss. 23, 117 So. 371; Prentiss v. Turner, 170 Miss. 496, 155 So. 214. The Chancellor, in determining the amount, should exercise a sound, judicial discretion, taking into consideration the

value of the estate, the rights of others having an interest therein, the manner of living to which the widow, during the life of her husband, had been accustomed, her station in life and the demands which such station imposed upon her. Whitehead v. Kirk, 106 Miss. 706, 64 So. 658. The parties hereto recognize these rules and principles but appellant says the undisputed proof on the hearing of this petition showed that the sum allowed was not sufficient for her comfortable support and maintenance in the manner of living to which she had been accustomed. She was the only witness. She exhibited to the court an itemized statement of the expenses she says she had incurred from the date of the death of her husband to the time of the hearing. That aggregated $6,414.75.

She also exhibited an itemized statement of expenses she estimated would be incurred from the time of the hearing to June 8, 1947. That amounted to $3,079.50. We have carefully examined and considered the nature of the items and cost thereof on both lists, as no doubt the Chancellor did also. Both lists contain a number of items which, by their nature, are not such as come properly within an allowance to the widow for her support, such as, for instance, repairs, taxes and insurance upon her separate property, aggregating several hundred dollars; the purchase of a lot and clothing for burial of the decedent, the latter two items being properly obligations of the Executor if lawfully incurred and presented. And such examination of the lists further discloses that, as to the items the nature of which come properly within such allowance, the costs thereof are excessive—at least, that the Chancellor, in the exercise of a sound discretion, was justified in so concluding. For example, the items for clothing alone, already purchased and contemplated to be purchased, aggregate $2,541. We can well understand the Chancellor might have thought so large an amount unnecessary for clothing for one year. We could mention other items which, by their nature, are not within such an allowance and which, although they be of such

character, are excessive in amounts. All in all, while we think the Chancellor would have been justified in allowing a greater sum than he did, we can not say that his refusal to do so was a manifest abuse of discretion, especially since it was his duty to protect the rights of other persons interested in the estate along with the rights of the widow. However, the adjudication herein shall not bar or affect whatever right appellant may have to reimbursement out of the estate for expenditures incurred or paid by her which are legal obligations of the Executor.

Affirmed.