STRINGER *et al. v.* ARRINGTON.

(In Banc. Dec. 8, 1947.)

[32 So. (2d) 879. No. 36624.]

**Guyton & Allen**, of Kosciusko, and **S. R. King**, of Durant, for appellants.

James T. Crawley, of Kosciusko, for appellee.

**McGehee, J.,** delivered the opinion of the court.

There are three cases involved in this appeal which were heard by agreement of the parties at the same time and on the same evidence before the trial court, and three separate decrees were renderd granting affirmative relief to the appellee, Mrs. Edythe Arrington, as petitioner in two of the cases and as complainant in the other. And it is agreed that the three causes may likewise be considered together here, and that a separate decree or judgment shall be entered in each of them.

The first decree appealed from is an allowance of $1,800 in favor of the appellee for one year's support as the widow of Dr. M. E. Arrington, deceased, as provided for by Section 561, Code 1942. The second decree appealed from awarded to appellee, under Sections 668 and 669, Code of 1942, one-half of the entire estate of her said deceased husband, less and except the sum of $226, which the court found to be the value of her separate estate at the time of such allowance. And the third decree appealed from cancelled and held for naught, because of Section 330, Code of 1942, a conveyance of the homestead by the husband Dr. M. E. Arrington to his brother-in-law N. D. Stringer, which conveyance was executed without the knowledge, consent or signature of his said wife; and the court also required an accounting from the grantee for rents collected therefrom.

It appears from the proof that on March 10, 1945, Dr. Arrington and the appellee ceased to live together as husband and wife, and that she left their home at Vaiden and went to live with her mother at Gulfport. That within less than thirty days thereafter he made a will whereby there was devised and bequeathed unto his sister, the appellant Mrs. Ollie Mae Stringer, all of his property, both real and personal, of which he should die seized and possessed, but with the proviso that the said beneficiary would share the estate on a fair and equitable basis with

his two other sisters to such an extent as in her discretion she may deem best.

That thereafter, On June 21, 1945, Dr. Arrington conveyed the homestead to the said N. D. Stringer, which was occupied by the husband and wife at the time of their separation; and it further appears that on August 8, 1945, Dr. Arrington died as a result of an automobile accident, during the trial of a divorce proceeding brought by appellee on the ground of alleged habitual cruel and inhuman treatment, and in which proceeding no final decree was ever rendered, because of such accident and death.

It is the contention of the wife that at the time of the death of her husband she was living separate and apart from him, contrary to her wishes; that she had hoped all the while for a reconciliation of their differences and her return to their home, whereas it is the contention of the appellants that she had left the home of her own volition and through no fault of her husband.

Much testimony was introduced upon the hearing of the three consolidated cases on the precise issue above stated, including testimony on behalf of the wife taken at the divorce trial, the husband having died before being able to testify in his own behalf. However, the Chancellor who rendered the three decrees appealed from herein had heard the witnesses on behalf of the appellants testify in open court, and also saw the wife and heard her testify in rebuttal of the counter-charges made by the witnesses for the appellants, even though the testimony in the divorce hearing had been taken before the predecessor of the said Chancellor. And after a careful study of all the testimony in these proceedings we are of the opinion that we would not be warranted in disturbing the finding of the trial court, as being manifestly wrong, wherein he decided that the wife was justified in living separate and apart from her husband at the time of his death, and that therefore, since they had no children, she was entitled to renounce the will and take one-half of the husband's estate less the value of her own separate property, which was

found by the court to be worth the sum of $226.00; that also, since the property conveyed to the appellant N. D. Stringer was admittedly the homestead of Dr. and Mrs. Arrington, both at the time of the separation and of his death, the conveyance was null and void without her signature thereto; and that she was also entitled to the reasonable allowance of $1,800 out of Dr. Arrington's estate for one year's support as his widow, since he was not only supporting her at the time of his death in compliance with a decree for temporary alimony, but was otherwise under a duty to support her, if the finding of fact rendered by the Chancellor was justified when he held that she was living separate and apart from him through his fault.

In fact, Dr. Arrington recognized his duty to support her when he tendered for her signature a separation agreement immediately before she left their home.

The decrees appealed from will therefore be affirmed, and the Clerk will enter separate judgments in each of the cases accordingly.

Affirmed in part, and affirmed and remanded in part.