HARWELL *v.* WOODY

In Banc. June 13, 1949.

(41 So. (2d) 35)

L. J. Broadway, for motion.

**C. M. Wright,** contra.

**Alexander, J.**

Mrs. Woody is the widow of George W. Woody, who died intestate. The bulk of his estate consists of the proceeds of a life insurance policy payable to his estate of the face value of $5,000. The appraisers set apart to the widow an allowance of $1,800 payable in twelve monthly instalments of $150. None of these payments were made.

The widow filed her petition for the award of "such allowance as in view of the premises may be meet and proper". The administrator filed an answer thereto contesting such allowance. It was agreed that the petitioner is the widow of the intestate and there is no showing otherwise than that he was liable for her support. It is agreed that there is a balance in the estate of $1,357.56 and it appears that the fees of the administrator and counsel have been paid. The Court decreed an allowance of $1,000, and from this interlocutory decree allowed an appeal. The cause comes to us upon motion of appellee to dismiss the appeal.

The application of the widow was ex parte. There is not involved an issue as to her status as a widow entitled to the year's allowance under Code 1942, Sections 561, 564. The right to such allowance is absolute. Westbrook v. Shotts, 200 Miss. 456, 27 So (2d) 683.

Without discussing the improvidence of an appeal, the allowance thereof was not stated to be "in order to settle all the controlling principles involved in the cause". Code 1942, Section 1148. Yet if such purpose was implicit in the order, Hardy v. Candelain, Miss., 37 So. (2d) 360, would be in point.

We sustain the motion however upon the ground that there is no justiciable issue here between the appellee and the administrator. The allowance was a matter of right "Whatever may be the condition of the estate", and the application therefor was "a matter with which the administrator has no concern". Morgan v Morgan, 36 Miss. 348. See also Prentiss v. Turner, 170 Miss. 496, 155 So. 214; Pratt v. Pratt, 155 Miss. 237, 124 So. 323.

We would not be understood to hold that there are no cases involving a widow's allowance in which the executor or personal representative may appear as a party. Such cases include Byars v. Gholson, 147 Miss. 460, 112 So. 578, where the issue was whether the wife had been living apart from her husband by her fault; Gilmer v. Gilmer, 151 Miss. 23, 117 So. 371, where the adversary parties included legatees under the will; Vaughan v. Vaughan, 195 Miss. 463, 16 So. (2d) 23, where the executor was joined as a party by another who claimed to be the widow of deceased; Moseley v. Harper, 202 Miss. 442, 32 So. (2d) 192, where the appeal was by the widow; Stringer v. Arrington, 202 Miss. 798, 32 So. (2d) 879, where the issue was similar to that in Byars v. Gholson, supra.

The amount of the allowance was in the discretion of the Chancellor whose award was $800 less than that recommended by the appraisers. We are of the opinion that the administrator, as such, was without right to prosecute an appeal.

Appeal dismissed.