500 So.2d 994 (1987)
In the INTEREST OF K.M.G.
No. 55957.
Supreme Court of Mississippi.
January 7, 1987.
Rehearing Denied February 4, 1987.
*995 W. Joel Blass, Mize, Thompson & Blass, Gulfport, Charles T. Greene, Jr., Dayton, for appellant.
No brief filed for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and GRIFFIN, JJ.
PRATHER, Justice, for the court:
This appeal addresses the application of full faith and credit principles to judicial proceedings of a sister state. The Mississippi proceedings began when the Youth Counselor of the Harrison County Family Court filed a complaint seeking an adjudication that the minor K.M.G. was an abused child. The child's father, Charles T. Greene, Jr., filed and was granted a motion to dismiss on grounds of res judicata and collateral estoppel since the issue was previously litigated in a Ohio Court. Dissatisfied with the dismissal, the child's mother, Mrs. Rene Paulette (Joynes) Greene, appeals assigning the following errors:
(1) The court erred in dismissing the petition which it had earlier directed to be filed in the interest of the four year old infant female child who was alleged to have been sexually abused.
(2) The court erred in finding that the Ohio Court had jurisdiction.
(3) The court erred in holding that the doctrine of collateral estoppel or res adjudicata applied in this case.

I.
Charles Thomas Greene and Rene Paulette (Joynes) Greene were divorced in Ohio on September 26, 1980. Custody of the minor child and support payments were awarded to Mrs. Joynes, and visitation rights were granted to Mr. Greene. There was no provision in the Ohio divorce decree which forbade the mother from taking the child out of the jurisdiction of the court. Joynes moved with the child to Mississippi in 1981 and remarried. On January 4, 1983, Mr. Greene made a motion in the Ohio Court to issue a contempt citation after Mrs. Joynes omitted a visitation period between Greene and the child in 1982.
Mrs. Joynes answered the contempt citation in the Ohio Court and filed a motion to discontinue visitation. Joynes' motion alleged that Greene "sexually abused" the *996 child during a December, 1982 visit, and this accusation was the basis for discontinuance of the father's visitation.
Although no guardian ad litem was appointed for the child in Ohio, a full hearing was held on Joynes' accusation. The evidence offered in support of Joynes' allegations was the same as that offered in the motion hearing now on appeal: (1) Joynes testified that upon K.M.G.'s return from a visit with her father in December, 1982, Joynes noticed a rash in the child's vaginal area; (2) on January 5, 1983, K.M.G. told Joynes that "her bottom was sore" and that her father had "split [her] open"; (3) a deposition of Dr. Andrews, a psychologist, who treated the child from January through May, 1983 was admitted into evidence.
The Ohio Court found:
While the Court has considered the deposition of Dr. Andrews, his testimony alone is not dispositive. The plaintiff/wife has supplied no medical proof to show that the child has been sexually abused. The only existing physical abnormality was a rash that the plaintiff/wife stated appeared to be a normal diaper rash. Accordingly, plaintiff/wife's motion to terminate visitation is not well taken and is overruled.
After this adverse ruling in Ohio, Joynes then filed a request that the Family Court of Harrison County, Mississippi consider her plea. The Harrison County Family Court directed that a petition be filed in the interest of K.M.G. At the hearing, the Family Court Prosecutor appeared representing the State of Mississippi; attorneys appeared representing Charles Thomas Greene and Rene Paulette (Joynes) Greene; and the Assistant Family Court Administrator appeared as guardian ad litem representing K.M.G. On the grounds of res judicata and collateral estoppel, the Harrison County Family Court dismissed the motion filed on behalf of the father and upheld the previous ruling of the Ohio Court stating:
While this Court might very well have ruled in a manner opposite of the Ohio Court, the law applicable to this case leaves the Court to the inescapable conclusion that the petition here must be dismissed because the precise issue raised by said petition has previously been litigated in a court of proper jurisdiction.

II.
In support of its challenge to the Family Court's dismissal of the petition, seeking an adjudication of abuse, appellant urges that the Youth Court Law, the Family Court Act and the Uniform Child Custody Jurisdiction Act are in "pari materia" and must be read together. In order to see and understand the legislative scheme for the protection and jurisdiction over children, appellant argues that all of the above must be examined and considered together, even though this pleading asks an adjudication of abuse. Additionally, appellant asserts that Mississippi, as "home state" of the child, is the state entitled to exercise jurisdiction under the Uniform Child Custody Jurisdiction Act. Miss. Code Ann. § 93-23-1 et seq. (Supp. 1985).
This Court agrees that in child custody determinations all of the above statutes are in "pari materia" and must be read together, and the Court again reaffirm that the paramount consideration is the child's best interest and welfare. However, in the case, as in the Ohio proceeding, the same result recurs for failure to factually support an abuse allegation.
This Court is of the opinion that this decision is one that is controlled by the principle of collateral estoppel.
"When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action." Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749 (Miss. 1982); Southern Land and Resources Co., Inc. v. Dobbs, 467 So.2d 652 (Miss. 1985); Lee v. Wiley Buntin Adjuster, *997 Inc., 204 So.2d 479 (Miss. 1967); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956). And, collateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated. Johnson v. Bagby, 252 Miss. 125, 171 So.2d 327 (1965).
The first suit filed by Mrs. Joynes involved an attempt to terminate visitation rights of her ex-husband with their daughter. At the hearing in that case, the Ohio Court held that evidence was insufficient to establish sexual abuse by the child's father. The second suit filed in the Family Court of Harrison County sought, by introduction of evidence identical to that presented to the Ohio Court, an adjudication that K.M.G. was abused by her father. The Harrison County Court dismissed the complaint.
A comparison of the two suits reveals not only that the parties were identical but also that the primary issue of abuse charged in Ohio constituted the basis of the Mississippi proceeding. The following three elements, essential to apply the doctrine of collateral estoppel, become apparent to this Court: (1) the issue involved in the second suit was identical to the one involved in the previous suit; (2) the issue was actually litigated in the prior action; and, (3) the resolution of the issue was necessary to the prior judgment. See Conley v. Beaver, 437 So.2d 1267 (Ala. 1983).
In view of the above, this Court finds that the doctrine of collateral estoppel is applicable, and the lower court action to dismiss should be affirmed.
Counsel for Mrs. Joynes argues that no guardian ad litem was appointed for K.M.G. in the Ohio proceeding and that for this reason the Ohio Court was without jurisdiction to enter an order concerning abuse of the child. This Court however, follows the presumption that the mother, as a natural guardian of her child acts in the best interest of the child. Miss. Code Ann. § 93-13-1 (1972).
Additional authority to affirm the lower court's dismissal is found in Miss. Code Ann. § 93-23-25:
The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this chapter or which was made under factual circumstances meeting the jurisdictional standards of the chapter, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this chapter.
This Court affirms the denial of the petition of Rene P. Joynes on the ground that the claim has been fully litigated previously in a court of competent jurisdiction to which this state must give full faith and credit. Art. 4 § 1 United States Constitution.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.