504 So.2d 205 (1987)
Larry Dean WELBORN
v.
Doris LOWE, James Dennis Lowe and Glenn Edward Lowe.
No. 56855.
Supreme Court of Mississippi.
March 11, 1987.
*206 Thomas Gene Clark, Clark & Massey, Laurel, Thomas J. Lowe, Jr., Jackson, for appellant.
Franklin C. McKenzie, Jr., Laurel, for appellees.
Before ROY NOBLE LEE, ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court.
Larry Dean Welborn, grantee, appeals from a judgment entered in the Chancery Court of Jones County, Mississippi, in favor of Doris Lowe, James Dennis Lowe, and Glenn Edward Lowe, holding void the deed to Welborn, which involved homestead property. Welborn assigns two errors in the trial below, but the question presented is whether or not the lower court erred in voiding the deeds and holding the land to be vested in the appellees.

Facts
On June 19, 1948, James Edward Lowe married Doris and, three months later, they moved onto the property involved in this suit, which was then owned by, and located next door to, his father, J.T. Lowe. Thereafter, on May 30, 1962, J.T. Lowe executed a warranty deed conveying the property to James Edward Lowe. The tract of land comprised approximately fourteen (14) acres. James Edward Lowe and Doris Lowe lived upon the land until August 15, 1976, when they separated and Doris moved out of the home and into an apartment. Without relating the details of the marital difficulties, the record reflects that Doris Lowe left her husband and the homestead because of the obnoxious and violent conduct of James Edward Lowe toward her. James Edward Lowe was committed to East Mississippi Hospital, Meridian, Mississippi, on three occasions, i.e., October 4, 1975, February 2, 1977, and September 21, 1977, for alcohol abuse.
Subsequent to the separation and, obviously, in an effort to prevent Doris from acquiring any title in the property, James Edward Lowe conveyed the property to his father, J.T. Lowe, on November 29, 1976, this being the identical property that J.T. Lowe had conveyed to him in 1962. The instrument was executed by James Edward Lowe without the knowledge, consent, or signature of his wife, Doris Lowe.
On April 19, 1977, a divorce was granted to James Edward Lowe and Doris Lowe on irreconcilable differences. The property settlement accompanying the proceeding, and incorporated into the divorce decree, contained a release of any and all claims of every kind and nature either party may have against the other arising by virtue of the marriage. Thereafter, in September, 1982, James Edward Lowe died and, at some time thereafter, it was discovered by Doris Lowe and their children, James Dennis Lowe and Glenn Edward Lowe, that James Edward Lowe had conveyed the homestead to his father J.T. Lowe on November 29, 1976. The J.T. Lowe deed was in the possession of one Velmaz Welborn (a relative), who subsequently recorded it on October 26, 1982. The appellees filed their complaint on January 28, 1983, to cancel and set aside the warranty deed from James Edward Lowe to J.T. Lowe and also filed a lis pendens notice covering the property. Notwithstanding those developments, J.T. Lowe conveyed the disputed property to Larry Dean Welborn, his grandson, on February 4, 1983. The complaint was amended to reflect the subsequent conveyance to Welborn.
The record reflects that James Edward Lowe filed for homestead exemption on the *207 land for the years 1976 to 1982, and the homestead applications reflected Doris Lowe as James Edward Lowe's spouse through 1978. James Edward Lowe visited in his father's home every day; and all major decisions of James Edward Lowe were made by his father. Regretfully, the Grim Reaper claimed the life of J.T. Lowe prior to the trial.

Law
Under appellant's contention that the lower court erred in voiding the Lowe deeds and holding the land to be vested in appellees, he claims (1) that the complaint and judgment of divorce acted as an admission of Doris Lowe that she was divorced from James Edward Lowe on irreconcilable differences and is estopped from claiming she was forced from the homestead of the parties by the misconduct of her husband, and (2) James Edward Lowe would have been estopped from denying the validity of his deed to J.T. Lowe by the divorce judgment and the property settlement agreement and his heirs, James Dennis Lowe and Glenn Edward Lowe, are similarly estopped.
Mississippi Code Annotated § 89-1-29 (Supp. 1986) provides that "[a] conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner be married and living with the spouse... ." The cases are legion construing the above section to mean that a conveyance of homestead without a spouse joining in the execution of the deed is absolutely void. No subsequent action by the non-joining spouse cures the invalidity of it. In the event the spouse is required or forced to leave the homestead on account of the misconduct of the other spouse, and is absent at the time of execution of the deed of conveyance, the deed instrument likewise is invalid. For cases upholding and recognizing the principle, see Grantham v. Ralle, 248 Miss. 364, 158 So.2d 719 (1963); Livelar v. Kepner, 244 Miss. 723, 146 So.2d 346 (1962); Stringer v. Arrington, 202 Miss. 798, 32 So.2d 879 (1947); Philan v. Turner, 195 Miss. 172, 13 So.2d 819 (1943); Board of Mayor & Aldermen of Town of Booneville v. Clayton, 155 Miss. 428, 124 So. 490 (1929); Scott v. Scott, 73 Miss. 575, 19 So. 589 (1895); Cummings v. Busby, 62 Miss. 195 (1884); Wilson v. Gray, 59 Miss. 525 (1882).
In Hughes v. Hahn, 209 Miss. 293, 46 So.2d 587 (1950), the husband conveyed the homestead to his daughter without the wife's signature. The wife wanted to sign the deed with her husband but was prevented from doing so by illness. She assented to the deed at the time. The husband died, and two of his five children by a previous marriage sought to declare the deed to the daughter void. The wife then signed the deed, and the other three children conveyed their interest to the daughter. The Court held that the deed from the husband (father) was void, and the two children received a 2/7 interest and the daughter received a 5/7 interest, as heirs-at-law of husband/father. Accord Yazoo Lbr. Co. v. Clark, 95 Miss. 244, 48 So. 516 (1909).
Appellant apparently recognizes the invalidity of the deeds to J.T. Lowe and appellee, unless he can prevail upon his claims (1) and (2) regarding collateral estoppel. In the case of In the Interest of K.M.G., 500 So.2d 994 (Miss. 1987), citing Dunnaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749 (Miss. 1982); Southern Land & Resources Co., Inc. v. Dobbs, 467 So.2d 652 (Miss. 1985); Lee v. Wiley Buntin, Adjuster, Inc., 204 So.2d 479 (Miss. 1967); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956); this Court enumerated three essential elements necessary to a finding of collateral estoppel: "(1) the issue involved in the second suit was identical to the one involved in the previous suit; (2) the issue was actually litigated in the prior action; and (3) the resolution of the issue was necessary to the prior judgment." 500 So.2d at 997.
We are of the opinion that the divorce decree of the parties here, granted pursuant to Mississippi Code Annotated § 93-5-2 (Supp. 1986) on irreconcilable differences, is not a proper judgment for collateral *208 estoppel, and we reject that contention. Also, it is dispositive of the second contention.
Appellant finally argues that this Court should modify past decisions with reference to interpretation of § 89-1-29 and adopt the Texas rule set forth in Vickers v. Peddy, 55 Tex.Civ.App. 259, 118 S.W. 1110 (1909), for the proposition that in the State of Texas, a deed conveying homestead property is operative against a person who signs it. Appellant asserts that the Texas interpretation fulfills every conceivable purpose for which the legislature could have intended in enacting the homestead statutes. We do not agree and decline to overrule the decisions of this Court establishing the law, as stated, in this state.
There being no error in the judgment of the lower court, that judgment is affirmed.
AFFIRMED.
HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
WALKER, C.J., not participating.